## NARCISSE LEROY

*v.*

## THE CITY OF SPRINGFIELD.

1. LIMITATION—*statute applies in favor of municipal corporations.* A municipal corporation may avail itself of the Statute of Limitations of two years, in a suit by a private citizen to recover damages for a personal injury.

2. SAME—*statute construed.* Section 15 of the limitation law (R. S. 1874) applies only to causes of action on unwritten contracts, express or implied, to awards, to injuries to real or personal property, and to actions to recover possession of personal property or damages for its detention or conversion, and to all civil actions not otherwise provided for. An action for a personal injury being provided for by section 14, is not affected by section 15.

3. SAME—*when cause of action accrues.* In the case of personal injury caused by a defective sidewalk, the cause of action accrues at the time the injury is done, and the Statute of Limitations begins to run from that day.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Mr. GEORGE A. SANDERS, for the plaintiff in error.

Messrs. HERNDON & ORENDORFF, and Messrs. ROBINSON, KNAPP & SHUTT, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was case, brought to the October term, 1875, of the Sangamon circuit court, to recover damages alleged to have been sustained in 1872, by reason of a defective sidewalk.

The defendant pleaded the Statute of Limitations, that the cause of action did not accrue at any time within two years next before the commencement of the suit. To this the plaintiff replied, that the cause of action mentioned in the declaration accrued on or about the 9th day of October, 1872, when the Statute of Limitations for such actions was five years, that time not having expired, etc.

To this replication there was a demurrer, which the court sustained, and rendered judgment against the plaintiff for the costs.

The points made on the record are, can a municipal corporation plead the Statute of Limitations against a private citizen, and, that the action did not accrue under section 14, but under section 15, of chapter 83, title "Limitations." R. S. 1874, p. 675.

Section 14 of the statute referred to, provides as follows: "Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation, shall be commenced within two years next after the cause of action accrued." Section 15 provides for barring actions on unwritten contracts, express or implied, on awards, for injuries to property, real or personal, to recover possession of personal property, or damages for its detention or conversion, and all civil actions not otherwise provided for, which shall not be commenced within five years, etc.

There is no propriety in claiming this section as affording the bar, for the reason this action was fully provided for by the 14th section, it being an action for damages to the person, and must be brought within two years.

We fail to perceive any valid reason why municipal corporations should not avail of the bar of the statute. They are liable to actions from every quarter every day to recover damages for personal injuries, and ought to be allowed to avail of all lawful defenses. The Statute of Limitations is justly said to be a statute of repose. Why should not a municipal corporation have the benefit of it, and claim, after the lapse of time given by the statute for bringing the action, the cause of action is no longer a fit subject for judicial inquiry?

A respectable writer on municipal corporations says, there is no reason why such a corporation, in an action on contract, or for a tort, should not plead, or have pleaded against it, the Statute of Limitations. 2 Dillon on Mun. Cor. § 533, p. 638.

Appellant asks, when shall it be said the cause of action arose, as, in many cases, the extent of the injury can not be known for a long time?

The principle, we understand, is, that the cause of action

arises at the time the injury was done, and the statute begins to run from that day.

We are of opinion the demurrer was properly sustained to the replication, and the bar was complete under the 14th section of the act regarding limitations of actions, and affirm the judgment.

*Judgment affirmed.*