(No. 21466.—

OSCAR MADISON *vs.* THE WEDRON SILICA COMPANY, Appellant.—(ELIZABETH MADISON, Admx., Appellee.)

*Opinion filed February 23, 1933—Rehearing denied April 5, 1933.*

DUNN and DEYOUNG, JJ., dissenting.

WINSTON, STRAWN & SHAW, and GEORGE A. SCHNEIDER, (SILAS H. STRAWN, JOHN D. BLACK, and CHARLES J. MCFADDEN, of counsel,) for appellant.

MORAHN & ZWANZIG, and ROBERT E. LARKIN, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal by the Wedron Silica Company (herein called the defendant) from a judgment upon a verdict in the circuit court of LaSalle county in favor of Oscar Madison, the defendant's employee (herein called the plaintiff).

Oscar afterwards died, and his widow, Elizabeth Madison, as administratrix, has been substituted in his stead.

The plaintiff's declaration contained counts based upon a willful violation of sections 1 and 13 of the Occupational Disease act. One other count was based upon "An act in relation to employments creating poisonous fumes or dust in harmful quantities, and to provide for the enforcement thereof," (Cahill's Stat. 1929, chap. 48, par. 139,) and another count was predicated upon the Health, Safety and Comfort act, as re-enacted in 1915. Specific errors have been assigned because the trial court overruled demurrers of the defendant to the various counts of the declaration. Inasmuch as there were counts based upon a willful violation of section 1 of the Occupational Disease act sufficient to sustain the judgment, no comment is necessary concerning the sufficiency of the other counts.

The plaintiff started working for the defendant in 1924 and continued in such employment until in 1930, when he contracted silicosis and was forced to quit work because of his physical condition. After being a patient in two tuberculosis sanitariums he died in April, 1932.

The facts and law involved in this case are so similar to those in *First Nat. Bank* v. *Wedron Silica Co.* 351 Ill. 560, that what is said there is controlling here. In the two cases identical errors have been assigned and argued, and additional errors have been assigned here because of a difference in the pleadings.

The defendant contends that the Statute of Limitations bars recovery, inasmuch as the first inhalation or breach of duty was the damage and required the commencement of an action for damages for an injury within two years after the cause of action accrued. This court has recognized that an occupational disease is of slow development; an insidious illness that creeps unnoticed upon its victim. (*Peru Plow Co.* v. *Industrial Com.* 311 Ill. 216, and cases

cited.) The Workmen's Compensation act declares that the right to compensation arises when the accident happens. The legislature in the passage of the Occupational Disease act recognized the existence of occupational diseases, and at the same time classified such diseases into those not especially dangerous to the health and those especially dangerous to the health. Recognizing the difficulty of determining the time of disablement from an occupational disease, the legislature, in the 1923 amendment to the Occupational Disease act, said that all employees in industries where the work was especially dangerous to the health of employees should receive compensation instead of damages. This was accomplished by saying that the disablement due to an occupational disease in that classification should be treated as the "happening of an accidental injury" according to the tenor and intent of the Workmen's Compensation act and made that act apply. To say that the plaintiff must have filed suit at the time of the first inhalation of the silica dust, means that an injury could not, as a matter of fact, be proved. Such argument is unsound and does violence to the manifest intent of the legislature as expressed in the act and its amendments. The logical view is to consider the time when the employee is forced to quit work because of the cumulative effect of successive injuries resulting in final disablement rather than the first inhalation or injury. This view is the liberal and humane one, accomplishes the purposes of the act and carries out the intent of the legislature. The Statute of Limitations does not commence to run until the right of action arises. That arises upon disablement—*i. e.,* when the occupational disease puts him in such a condition that he must quit work.

The errors assigned by the defendant with reference to the giving or refusing of instructions, either upon the part of the plaintiff or the defendant, cannot be inquired into by this court, inasmuch as all of the instructions for the plaintiff and the defendant were not fully set out in the

abstract. *City of Roodhouse* v. *Christian,* 158 Ill. 137; *People* v. *Ambolo,* 343 id. 480.

The judgment of the circuit court of LaSalle county is affirmed.

*Judgment affirmed.*

DUNN and DEYOUNG, JJ., dissenting.