(No. 34586.—

THE ILLINOIS STATE TOLL HIGHWAY COMMISSION, Appellee, *vs.* CHARLES EINFELDT *et al.*—(HERBERT G. RHOADS *et al.*, Appellants.)

*Opinion filed Dec. 18, 1957—Rehearing denied Jan. 23, 1958.*

John J. Yowell, and G. Kent Yowell, both of Chicago, for appellants.

Latham Castle, Attorney General, of Springfield, (Edward J. Wendrow, and Thomas A. Reynolds, Jr., of counsel,) for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

The Illinois Toll Highway Commission brought an action in the superior court of Cook County to acquire certain parcels of real estate by condemnation. The owners filed a traverse challenging the authority of the commission, which was overruled, and defendants appeal from the final judgment thereafter entered. The issue is whether the statute purports to vest power in the commission to locate or lay out a new highway where no highway already exists; and if so, whether such power can validly be delegated to the commission, an agency of the executive branch of the government.

Section 6(f) of the Toll Highways Act (Ill. Rev. Stat. 1955, chap. 121, par. 314a31,) provides that the commission shall have power to "construct, relocate, operate, regulate and maintain a system of toll highways through and within the State of Illinois." The defendants do not question the power to condemn the necessary land, once its location has been properly ascertained. But they insist that the power to select sites other than those already in use for public highways has not been delegated. There is no merit in the contention. The words of a statute must be given the meaning accorded to them under common and ordinary usage, in contexts similiar to that of the statute. When so read, the statute leaves no doubt that the power to "construct * * * a system of toll highways" means a power to determine the location of its constituent parts. An interpretation which would limit the route to that of present highways would render the statute virtually meaningless. It would provide, in effect, a power to construct or create a system which is already in existence. Defendants' position is based upon a strained, narrow use of the word "construct" which is entirely unwarranted by the context in which it is used.

The remaining contention, unanswered in appellee's brief, is that the power to lay out highways is a legislative one which cannot be delegated. The same contention was considered and rejected in *People* v. *Toll Highway Commission*, 3 Ill.2d 218, 233, 234, where we held that the laying out and vacating of roads is a detail which may be validly delegated to the commission. It is unnecessary to re-examine the question here.

The judgment of the superior court is affirmed.

*Judgment affirmed.*