J. P. MORGAN, Plaintiff,

v.

Charles E. HECKLE, Defendant

Civ. No. 4178.

United States District Court
E. D. Illinois.
March 11, 1959.

---

R. W. Harris, Marion, Ill., for plaintiff.

Pope & Pope, Memphis, Tenn., Karns & Karns, East St. Louis, Ill., for defendant.

JUERGENS, District Judge.

The complaint here alleges that plaintiff is a resident of Illinois and defendant a wholesaler and retailer of grass seed at Memphis, Tennessee; that Claude E. Lee, a grain elevator operator, but not handling grass seed, at plaintiff's request and as his agent placed a seed order with defendant for 25 bags of Milo Mays seed; that the seed was supplied to plaintiff's agent for plaintiff by defendant at the Viking freight depot at Anna, Illinois, where plaintiff accepted it; that the seed was full of noxious weed seeds.

Defendant filed his motion to dismiss or in lieu thereof to quash the return of service of summons on the ground that the defendant is a resident of Tennessee; is not and was not a resident of Illinois; was not physically present in or doing business in Illinois at the time of the matters complained of or at any other time and had no agent in Illinois. In the alternative defendant asks that the cause be transferred to the United States District Court for the Western Division of the Western District of Tennessee; in the alternative to dismiss because the complaint does not state a cause of action upon which relief can be granted and for various other reasons which are unnecessary to state here because of the position the Court takes herein.

The immediate question to be determined is the jurisdiction of this Court over the person of the defendant.

The affidavit of the defendant Charles E. Heckle in support of his motion to dismiss states in substance that he is a resident of Memphis, Shelby County, Tennessee; that he is engaged in the business of packaging and selling commercial and garden seed, garden supplies and a wide variety of related items; that he has never maintained a place of business other than in Memphis, Tennessee; that he has never maintained an agent, salesman, distributor, or any other person working for him or in his behalf in the State of Illinois; that his interstate shipments are confined to the States of Arkansas, Mississippi and Missouri; and that with the exception of the transaction set forth in the complaint in this action, he has never sold anything to anyone in the State of Illinois.

He further states that a telephone call was received by one of his employees in Memphis, Tennessee from Claude E. Lee in Anna, Illinois, and a verbal order for 25 bags of Milo Mays grass seed was placed in June, 1955; that this seed was shipped to Mr. Lee by Viking Motor Freight c. o. d. Anna, Illinois, and payment was received in Memphis, Tennessee.

He further states that at no time was he physically present in or doing business in the State of Illinois in connection with this sale; that it was an isolated transaction and no sales have been made to Mr. Lee or anyone else in the State of Illinois since that time.

No counter-affidavit has been filed by the plaintiff.

In diversity of citizenship cases, the question of whether a defendant is

subject to process and the jurisdiction of the Federal Court is one of substantive law and is thus governed solely by the law of the state in which the Federal Court sits as construed by the courts of such state subject to Federal constitutional limitations.

In Illinois the question is controlled by Illinois Civil Practice Act, Section 17 (Ill.Rev.Stat.1957, Ch. 110, § 17) which in pertinent part provides as follows:

"17. § 17. Act submitting to jurisdiction—Process.

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business within this State".

The above section was held constitutional in the recent case of Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673, 680, in which Mr. Justice Schaefer, in a well reasoned and exhaustive discussion said:

"We hold that the requirements of due process of law have been met."

Whether or not there was valid service here would depend upon Section 17(1) (a) (supra) "(a) The transaction of any business within this State".

The Supreme Court of the United States in International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, said:

"But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

In the case of corporations the Court in the International case (supra) said:

"'Presence' in the state in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given. (Cases cited). Conversely it has been generally recognized that the casual presence of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action unconnected with the activities there. (Cases cited)."

Is there any reason to assume that the Supreme Court would make any different pronouncements in the case of an individual defendant as distinguished from a corporate defendant.

Further the Court said in International (supra):

"Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations. (Cases cited)."

The Court held the operations established sufficient contacts or ties.

In McGee v. International Life Insurance Co., 1957, 355 U.S. 220, 78 S.Ct. 199, 201, 2 L.Ed.2d 223, the Supreme Court reaffirmed the language of the International Shoe case when it said:

"Looking back over this long history of litigation a trend is clearly discernible toward expanding the

permissible scope of state jurisdiction over foreign corporations and other nonresidents. In part this is attributable to the fundamental transformation of our national economy over the years. Today many commercial transactions touch two or more States and may involve parties separated by the full continent. With this increasing nationalization of commerce has come a great increase in the amount of business conducted by mail across state lines. At the same time modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity."

In the International Life case the Supreme Court sustained the service on the ground that the suit was based on a contract which had substantial connection with California. The contract was delivered in California, the premiums were mailed from there and the insured was a resident of that State when he died.

We now turn to the decisions of the Federal Circuit and District Courts discussing and construing Section 17, Chapter 110, Illinois Civil Practice Act.

In Orton v. Woods Oil & Gas Co., 7 Cir., 1957, 249 F.2d 198, 202, Woods as sole owner operated the Woods Oil and Gas Company in New Orleans, Louisiana and there employed plaintiffs, both of Chicago, to represent him in incorporating his business and registering of its securities with the Securities and Exchange Commission. Plaintiffs generally rendered the service for which they were employed in the City of Chicago. Defendant's sole business contact with the State of Illinois was its dealings with plaintiffs. The Court held:

"The fact that plaintiffs did most of their actual work in Chicago in accomplishing their assignments seems to us to be a slender thread on which to hang their claim for jurisdiction over defendant in Illinois. We do not believe that defend-

ant had such 'minimum contacts' with the territory of the forum chosen by plaintiffs to subject it to a judgment in personam. To do so, would 'offend traditional notions of fair play and substantial justice.' "

In Bluff Creek Oil Co. v. Green, 5 Cir., 1958, 257 F.2d 83, Green of Illinois sued Rucker, Bluff Creek Oil Company and Wabash Oil Company of Oklahoma in Illinois and secured a summary judgment against each. An oil purchasing company filed an interpleader suit in Texas to determine the ownership of the money held by it. The sole attack of Bluff Creek and Wabash Oil is on the ground that the Illinois default judgment was void for want of jurisdiction over the person of the non-resident defendants. All the negotiations with Green had taken place in Chicago over a period of a considerable number of days and the agreement was there made by Rucker on behalf of himself and Wabash Oil. He then returned to Oklahoma. Bluff Creek, as operator of the oil wells, pursuant to the agreement between Green, Rucker and Wabash Oil sent invoices to owners of fractional parts of the working interest, of which Green was one. The Court held that the mere transmission of the invoices to Green in Chicago by mail did not give Bluff Creek requisite connection with Illinois.

In Haas v. Fancher Furniture Co., D.C.N.D.Ill.1957, 156 F.Supp. 564, plaintiff sued Fancher Furniture Company, a New York corporation, Standard Chair Company, a Pennsylvania corporation, and C. L. Erickson, president and secretary of both corporations, for breach of an employment contract entered into in Chicago, whereby plaintiff was to be general sales manager in Illinois. No Fancher products are manufactured and no inventories of merchandise maintained in Illinois. All purchases are shipped f. o. b. New York. Billings for merchandise are mailed from New York and payments made by customers direct to New York. No bank accounts are maintained and no real estate owned in Illinois. It does have an agreement with one Hil-

486

dreth, who solicits orders for the purchase of merchandise and promotes good will in Illinois. He has no other authority and is paid commissions but no salary. Standard Chair sets forth the same facts. Defendant corporations have been engaged in the solicitation of business in Illinois for over ten years and they maintain offices in Chicago, for this purpose, with telephone listings under their names. The "minimum contact" theory of jurisdiction has been met and the defendants have "transacted" business in Illinois.

In Hellriegel v. Sears Roebuck & Co., D.C.N.D.Ill.1957, 157 F.Supp. 718, plaintiff was injured by a power lawn mower bought from defendant Sears Roebuck & Co., which it bought from defendant Newark Stove Company of Ohio, which bought the power units from Power Products of Wisconsin. Salesmen of Newark came to Chicago twice each year to make sales of mowers to Sears Roebuck & Co. f. o. b. Newark, Ohio. No facilities are maintained in Illinois. The Court found that all acts constituting the alleged tort of defendants Newark Stove and Power Products occurred outside Illinois. Only the damage occurred in Illinois.

Star v. Rogalny, D.C.E.D.Ill.1957, 162 F.Supp. 181, held out of state service valid where defendant committed a tortious act within the state.

Rensing v. Turner Aviation Corporation, D.C.N.D.Ill.1958, 166 F.Supp. 790, also held out of state service valid where defendant committed a tortious act within the state. (The venue in this case was in error.)

In Berlemann v. Superior Distributing Co., 4th Dist. 1958, 17 Ill.App.2d 522, 151 N.E.2d 116, 118, plaintiff, an Illinois resident, sued defendant, a Colorado corporation, for breach of warranty. The Court said "(I)t is clear that the cumulative effect of the securing of the purchase orders and the location contracts by employees in the State, coupled with its promise to send an employee to train plaintiff, was the transaction of some business in Illinois. * * * Not only

is there an allegation of more than 'minimum contact' with Illinois and one of its residents, but the cause of action arises out of and is directly connected with the defendant's activities in the State." The motion to quash the service of summons was erroneous.

 Defendant Heckle had no such "minimum contact" with the State of Illinois which would satisfy the due process clause of the 14th Amendment. The motion to quash the service of summons will be allowed.

■ Although the defendant has requested that this cause be transferred to the United States District Court for the Western Division of the Western District of Tennessee, yet such request was not joined in by plaintiff; therefore, defendant's request will not be granted.