T. Paul Kane, J.
Defendant Standard, a foreign corporation, moves to dismiss the complaint in this action upon the grounds of lack of jurisdiction of the person of the defendant (CPLR 3211, subd. [a], par. 8).
The moving papers indicate the action is for breach of contract or breach of warranty. It appears the cause of action arose as a result of plaintiffs ordering trafile tile and related materials in May and June, 1959, with a concern known as Selling for Manufacturers, Inc., a New Jersey corporation. The orders were by telephone to Selling who thereafter placed the orders with Standard, the wholesale distributor, who thereafter billed *886 plaintiffs. Subsequently plaintiffs received complaints that the materials were defective. Negotiations with both Selling, now out of business, and Standard were unproductive and action was commenced against Standard on April 9, 1964 by personal service on its officers in New Jersey. (CPLR 302.)
‘ ‘ § 302 Personal jurisdiction by acts of non-domiciliary.
“ (a) Acts which are the basis of jurisdiction.
‘ ‘ A court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, as to a cause of action arising from any acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if, in person or through an agent, he:
“ 1. transacts any business within the state; or
“ 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
‘ ‘ 3. owns, uses or possesses any real property situated within the state.”
Plaintiffs claim due and proper service under CPLR 302 (subd. [a], par. 1). The proper application of this new “ long arm ” statute to the facts at hand requires an examination of its background.
Prior to the adoption of the Fourteenth Amendment in 1868 an exercise of jurisdiction over persons or property outside of the forum State was thought to be an absolute nullity. (Cooley, Constitutional Limitations [1st ed., 1868], 404, 405; Rheinstein, Constitutional Basis of Jurisdiction, 22 U. of Chi. L. Rev. 775, 792-793.) Furthermore, a corporation had no legal existence outside of the State in which it was incorporated. (Bank of Augusta v. Earle, 38 U. S. 519.) Although not the purpose of this Civil War Amendment, 10 years after its adoption the Supreme Court invoked it as a rationale for declaring a jurisdiction statute of a State unconstitutional. (Pennoyer v. Neff, 95 U. S. 714.) This landmark case declared that a judgment obtained against a nonresident property owner served by publication outside the State was not entitled to full faith and credit. Thus the requirement of due process in personal jurisdiction was introduced together with the ‘ ‘ personal power” concept. With regard to corporations, the fictional theories of ‘ ‘ consent ’ ’ and “ presence ” were sustained. (Lafayette Ins. Co. v. French, 59 U. S. 404.)
Next came the statutory introduction of service upon nonresident motorists by service upon a State official. (Greene v. Chicago B. & Q. Ry., 205 U. S. 530.) This approach was sub *887 sequently held constitutional. (Hess v. Pawloski, 274 U. S. 352.) With the exception of these few inroads the doctrine of Pennoyer v. Neff remained until 1945 when the older theories were abandoned and the 11 minimum contact ’ ’ approach was substituted. (International Shoe Co. v. Washington, 326 U. S. 310.) Here the State of Washington desired to collect contributions under an Unemployment Compensation Act based upon the activities of 13 salesmen solicitors whose sales were subject to out-of-State approval. Service was made in the State upon one of the salesmen. The court found proper service and said “ due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend ‘ traditional notions of fair play and substantial justice’” (p. 316). The court seemed to feel that if the company enjoyed adequate benefits from its activities, corresponding obligations attached and the ‘ ‘ minimum contact ’ ’ was established.
With this new criteria States began liberalizing their jurisdictional statutes.
The United States Supreme Court evoked much discussion in attempting to define ‘£ minimum contacts ’ ’ when it said: ££ It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State ”. (McGee v. International Life Ins. Co., 355 U. S. 220.) The court had given the State of California jurisdiction on the basis of insurance contract which was the subject of the litigation. The folloAving year, hoAvever, the court recognized the trend away from Pennoyer v. Neff and states: “It is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. See Vanderbilt v. Vanderbilt 354 U. S. 416, 418. Those restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States. However nrmimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the £ minimal contacts ’ Avith that State that are a prerequisite to its exercise of power over him.” (Hanson v. Denckla, 357 U. S. 235, 251.)
There has been an evolutionary expansion of the concept of in personam jurisdiction during the past century. Having reached its logical and constitutional end, the question now seems to be how much further this concept can be expanded without becoming illogical and unconstitutional, and without *888 destroying the efficacy of State borders. The problem of applying the guidelines under CPLR 302 (subd. [a], par. 1) and defining ‘ ‘ transacts any business ’ ’ is becoming manifest. Jurisdiction has been approved where the contract was entered into in New York. (Steele v. De Leeuw, 40 Misc 2d 807.) Where the contract stipulated New York law applicable and there were numerous other contacts in New York jurisdiction was maintained. (Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 21 A D 2d 474.)
Jurisdiction was not approved where the contract was executed in a foreign State and the only contact was through traveling salesmen in the State listed in the telephone directory. (Irgangy v. Pelton & Crane Co., 42 Misc 2d 70.) Where the only contact was where a foreign manufacturer accepted orders and filled them out of State, jurisdiction was denied in New York. (Jump v. Duplex Vending Corp., 41 Misc 2d 950.)
In the case at bar, it is the contention of the defendant Standard, that it is a New Jersey corporation with no offices in and not authorized to do business in New York State. No telephone directory contains their listing nor does it maintain any salesmen soliciting business. It has no assets or bank accounts in New York, nor does it own any real estate or personalty within the State. Defendant Standard further contends that it was never part of the original transaction between plaintiffs and Selling and that it was only after the consummation of the sale in New Jersey that Standard was approached to "act as a local New Jersey dealer. That Standard’s only function was to bill plaintiffs in connection with the sale and thereafter entered into limited negotiations in regard to the complaints surrounding the products which were sold. Plaintiffs on the other hand contend that the sale was made on behalf of Standard and that negotiations and orders were made by telephone and that the materials were delivered to plaintiffs in Monticello, Sullivan County, New York. Plaintiffs do not state with whom they conversed on the telephone nor from whom or by whom the materials were received in New York.
Standard contends that CPLR 302 does not apply due to its effective date. The Court of Appeals has spoken and determined that 302 is retroactive. (Simonson v. International Bank, 14 N Y 2d 281.) However, there are insufficient facts to establish the minimum contacts between plaintiffs and Standard to provide the New York courts with jurisdiction over the defendant. Furthermore, the facts indicate a contract between plaintiffs and Selling but insufficient facts to establish any privity of *889 contract between Selling and Standard. It would appear, therefore, that the sole contact of Standard with this State was its billing for the materials to the plaintiffs and the limited negotiations regarding the complaints surrounding the alleged defective materials. To grant personal jurisdiction over a foreign corporation on the basis of such unsubstantial contact would offend the traditional notions of justice and fair play. Accordingly, the motion to dismiss is granted.