Mario Pittoni, J.
The Evans Pipe Company, third-party defendant, moves to dismiss the complaint against it pursuant to CPLR 3211 on the ground that CPLR 302 (subd. [a]) does not give New York jurisdiction over it.
The Evans Company is an Ohio corporation, has all its offices in Ohio and does all its manufacturing in that State.
On January 15, 1962, Robert Bell, from Massachusetts, telephoned an order for a quantity of pipe to the Evans Company in Ohio and the Evans Company sent an answer by telegram to Bell in Massachusetts accepting the telephone order “ subject signed order confirmation.”
On January 17, 1962, William Mitchell, a New Hampshire resident, mailed an order to Bell in Massachusetts and included therewith a complete list of pipe and fittings to be delivered to a site in Old Westbury, Long Island, New York.
On January 25, 1962, the Evans Company executed in Ohio the confirmation of the order. Now, for the first time, the prices and the descriptions of the pipe were stated in full by the Evans Company. This confirmation also .stated that the pipe was sold to “ William F. Mitchell * * *, North Sutton, New Hampshire,” for delivery to Old Westbury, New York.
In the lawsuit by the plaintiff, Old Westbury Golf and Country Club, Inc., against William F. Mitchell and the Travelers Indemnity Co., the latter has joined the Evans Company as a third-party defendant on the ground that the Evans Company materials delivered to Old Westbury, New York, were defective and in violation of an Evans Company warranty which Mitchell claims was made in New York.
The contract herein was executed on January 25,1962, in Ohio and not in New York. The terms of the contract are complete in every detail and any alleged conversation about an oral warranty had in December, 1961 between Mitchell and an Evans Company representative would be merged in the contract. Any attempt to offer parol evidence to establish such a warranty would violate the parol evidence rule (Richardson, Evidence [9th ed., Prince], § 578). Furthermore, the alleged oral warranty is so briefly and so nebulously stated as to mean nothing.
The third-party plaintiff, the Travelers Indemnity Company, in opposing this motion and in claiming New York jurisdiction, invokes CPLR 302 (subd. [a]), which reads in part as follows:
“§ 302. Personal jurisdiction by acts of non-domiciliaries. (a) Acts which are the basis of jurisdiction. A court may exercise personal jurisdiction over any non-domiciliary * * * as to a cause of action arising from any of the acts enumerated *689 in this section, in the same manner as if he were a domiciliary of the state, if, in person or through an agent, he:
‘ ‘ 1. transacts any business within the state; or
“ 2. commits a tortious act within the state ’ ’.
The question to be first decided is not what jurisdiction New York is allowed under the Federal Constitution, but what jurisdiction it has legislated unto itself within its permissive area by enacting CPLR 302 (subd. [a]). In Irgang v. Felton & Crane Co. (42 Misc 2d 70, 74), I stated my opinion in this respect, as follows:
“ [W]e must distinguish between what the United States Supreme Court says a State may legislate and what a State does do in legislating its jurisdiction over nondomiciliary defendants.
“ Professor Weinstein’s remarks in paragraph 302.01 of his New York Civil Practice (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3201, p. 3-30) are pertinent. He says: ‘ During a period when radical expansion of jurisdictional bases is being accomplished, New York courts will be permitted to exercise some restraint in avoiding excessive burdens on citizens of our federated nation whose center of activity is outside the state.’
“ Professor Weinstein, the reporter to the Advisory Committee that labored for years in giving us the Civil Practice Law and Rules, has made a wise observation. New York, as other States, has been given certain jurisdictional rights by United States Supreme Court interpretations of the Due Process Clause of the Constitution. It has chosen to take advantage of those interpretations by enacting subdivision (a) of section 302 of the Civil Practice Law and Rules, in addition to its retained jurisdiction pursuant to section 301, and no more. We should not interpret subdivision (a) of section 302 to the outer edges of constitutional limitations by judicial stretching when the Legislature has declared its intent to go so far and no more within its permitted area.”
The third-party plaintiff’s contention is that the Evans Company committed a tortious act in New York and thus succumbed to New York jurisdiction pursuant to CPLR 302 (subd. [a], par. 2). There is no allegation of a tort or of any physical harm to person or property, and this contention, if adopted, would make every breach of contract, regardless of any resultant physical harm, a tortious act. Further discussion is unnecessary to show that this contention strains the language of CPLR 302 (subd. [a], par. 2) beyond reason and lacks merit.
Nor does New York have jurisdiction over the Evans Company by reason of CPLR 302 (subd. [a], par. 1) which requires *690 that it transact business in the State for jurisdiction. The contract was executed in Ohio, not in New York, and the Evans Company did nothing in New York except to deliver the materials involved herein. It had no offices, representatives, salesmen, listings, or property in New York. In Irgang v. Pelton & Crane Co. (42 Misc 2d 70, 73, supra), I said further:
“ [A]nd the law of New York still is that ‘ the time and place of making of the contract is established “when the last act necessary for its formulation is done, and at the place where the final act is done ” ’ (Fremay v. Modern Plastic Corp., 15 A D 2d 235, 237, supra).
* * *
“ To bring this case within the bounds of section 302 (subd. [a], par. 1) of the Civil Practice Law and Rules, plaintiff must show that the contract in issue was executed in New York. But even without such a showing, plaintiff must establish more than some discussions or negotiations prior to the contract. In Grobark v. Addo Mach. Co. (16 Ill. 2d 426), the Illinois Supreme Court, in interpreting its own single act statute on which our section 302 of the Civil Practice Law and Rules is patterned, held that mere negotiations in Illinois leading to a contract signed elsewhere was not sufficient to give Illinois jurisdiction over the defendant.”
The reasons stated above are sufficient to show that the third-party plaintiff may not invoke the jurisdiction of the New York courts by reason of any conversation that took place in December, 1961, more than a month before the Ohio contract was executed, January 25, 1962, or by a single delivery of materials into New York, or by the conversation and the delivery combined.
Let us assume, arguendo, that in enacting OPLR 302 (subd. [a], pars. 1, 2), New York intended to go to the outer limits of its permitted jurisdiction or' that judicial interpretation of ‘ ‘ transacts any business ’ ’ were stretched to include the single conversation in New York in December, 1961, prior to the written Ohio contract herein, and also to include the delivery of pipe into New York pursuant to that Ohio contract. Such an attempt would violate the requirement of minimum contacts for jurisdiction over a nondomiciliary person. The Evans Company committed no act from which it can be said it purposely availed itself of the privilege of conducting activities in New York thus invoking the benefits and protections of New York law (Hanson v. Denckla, 357 U. S. 235, 253 [1958]). Furthermore, the Evans Company contacts in New York were so slim and tenuous that any attempt by New York to exercise jurisdiction over the Evans *691 Company would violate the due process concept of fair play and substantial justice (International Shoe Co. v. Washington, 326 U. S. 310, 316; Hanson v. Denckla, 357 U. S. 235). The motion to dismiss is granted.