KENDEL M. HANVY, a minor, by next friend and mother, Geraldine Hanvy, Appellant,

*v.*

CROSMAN ARMS COMPANY, INC., Appellee.

466 S.W.2d 214

(*Nashville,* December Term, 1970.)

Opinion filed April 5, 1971.

J. VICTOR BARR, JR., DAVID C. RUTHERFORD, Nashville, for appellant.

DAN E. McGUGIN, WATKINS, McGUGIN, FINCH & Mc-NEILLY, Nashville, for appellee.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

This is an appeal in error from the Circuit Court of Davidson County. The sole question for decision is the correctness of the trial judge in sustaining the defendant's plea in abatement to the jurisdiction of the court.

The parties will be referred to as they were in the court below. The plaintiff, Kendel M. Hanvy, a minor suing by his next friend, is the plaintiff-in-error, and the defendant, Crosman Arms Company, Inc., a New York corporation, the defendant-in-error.

Plaintiff instituted this action by service of process on the Secretary of State. His declaration alleged in substance that, while working at a Nashville merchandising company, he suffered the permanent loss of his left eye when a fellow employee fired at him with an air rifle manufactured by defendant. This injury, it is alleged, was caused by the negligence of defendant in its factory testing of the air rifle, which resulted in the shipment of the rifle from defendant's factory into this State in a loaded and dangerous condition.

The defendant, appearing specially in the case, filed a plea in abatement to the jurisdiction of the Court, which it set out below:

"1. On, prior to and subsequent to March 22, 1969, the date in question in this suit, the defendant was not qualified nor authorized to do business in Tennessee and it did not transact business or conduct affairs in Tennessee and the provisions of Section 48-1202, Tennessee Code Annotated have no application to it.

"2. This alleged cause of action did not arise from

(a) the transaction of any business within the State by this defendant;

(b) any tortious act or omission by it within this State;

(c) the ownership or possession of any interest in property located within this State;

(d) the entering into of any contract of insurance, indemnity, or guaranty covering any person, property or risk located within this State at the time of contracting;

(e) the entering into a contract for services to be rendered or for materials to be furnished in this State.

Wherefore, Section 20-235, Tennessee Code Annotated has no application to it.

"3. This defendant has never appointed the Secretary of State of Tennessee as its agent for the Service of Process and he is not and has never been its Agent for Process whether by appointment or by operation of law.

"4. This defendant is a New York corporation situated in Fairport, New York. On, prior to and subsequent to March 22, 1969, it had no office, no agency, no agents and did no business in Tennessee. Orders were mailed by Service Merchandise, Inc. in the United States Mail and received by this defendant in its office and plant in Fairport, New York, where, upon being accepted by this defendant, it shipped the merchandise ordered from its Fairport, New York plant to Service Merchandise, Inc. by common carriers in Interstate Commerce."

Tr. pp. 7-8

Plaintiff then moved the trial court to dispose of the plea. On hearing, by consent of the parties, plaintiff's

motion was treated as a demurrer to the plea. The trial court overruled the demurrer and sustained the plea in abatement, from which action the plaintiff appealed.

Although the assignments of error and brief filed by the plaintiff are somewhat vague in nature, they raise with sufficient clarity one point of law which is the basis of our decision. This involves the application, to this case, of T.C.A. sec. 20-235 (b), which confers jurisdiction to Tennessee courts over nonresidents "as to any action or claim to relief arising from * * * [a]ny tortious act or omission within this State * * *."

■ The question for our decision, one of first impression in this Court, is whether the legislature intended, in enacting T.C.A. sec. 20-235(b), to confer jurisdiction to our courts over nonresident tort-feasors in situations, like the instant one, when the allegedly negligent conduct occurred without, but the resulting tortious injury occurred within, the State. For the reasons set out below we are persuaded that such was the intention of the legislature.

We note first of all, that the language of the act in question does not clearly reveal the intent of the legislature. That is, the words "tortious act or omission" might be read as referring only to acts physically performed, or not performed, in Tennessee, or, by paying particular attention to the adjective 'tortious', the words might be read as referring to a total act, embodying both negligent conduct and proximately caused injury. That these words are susceptible to such diverse constructions is amply shown by the conflicting opinions of courts interpreting similar statutes. See, e. g., (allowing jurisdiction) *Vandermee v. District Court of County of Arap-*

*ahoe,* 164 Colo. 117, 433 P.2d 335 (1967); *Johnson v. Equitable Life Assur. Soc.,* 22 A.D.2d 138, 254 N.Y.S.2d 258, affirmed 18 N.Y.2d 933, 277 N.Y.S.2d 136, 223 N.E.2d 562 (1964); *State ex rel. Western Seed Production Corp. v. Campbell,* 250 Or. 262, 442 P.2d 215 (1968); *Nixon v. Cohn,* 62 Wash.2d 987, 385 P.2d 305 (1963). Not allowing jurisdiction, see *Southern New England Dist. Corp. v. Berkeley Fin. Corp.,* 30 F.R.D. 43 (D.C.Conn.1962) (applying Connecticut law); *Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.,* 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68, 24 A.L.R.3d 508 (Cert. denied, *Estwing Mfg. Co. v. Singer* 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed.2d 158 (1965).

The Federal District Courts in Tennessee have considered our own statute, also with diverse constructions. (Allowing jurisdiction) *Tate v. Renault, Inc.,* 278 F.Supp. 457 (E.D.Tenn.1967); *Kroger Co. v. Adkins Transfer Co.,* 284 F.Supp. 371 (M.D.Tenn.1968); *Fayette v. Volkswagen of America, Inc.,* 273 F.Supp. 323 (W.D.Tenn. 1967) (Not allowing jurisdiction).

Since it is apparent the statutory language alone does not clearly reveal the intention of the legislature, we must look further in finding that intention.

Our Long Arm Statute very closely resembles that of Illinois, perhaps the oldest such statute in the Country. In 1961, four years prior to the adoption of T.C.A. sec. 20-235, the Illinois Supreme Court construed Ill.Rev.Stat. 1959, Chap. 110, sec. 17(1) (b), which is almost identical to T,C.A. sec. 20-235(b).[1] This statement, "almost

---

[1] The Illinois Statute reads: "Any person * * * submits to the jurisdiction of the Courts of this State as to any cause of action arising from the doing of any such acts as: * * * (b) the commission of a tortious act within this State." Ill.Rev.Stat. Chap. 110, sec. 17(1) (b) (1959).

identical" qualifies our statement in *Darby v. Superior Supply Company*, 224 Tenn. 540, 458 S.W.2d 423, wherein it was said the two statutes are identical.

It will be seen that the sole difference between the Illinois subsection (b) and our own (b) is the addition to our statute of the words "or omission," following the word—act. The case. *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 176 N.E.2d 761 (1961), involved a plaintiff who was injured in Illinois by the explosion of a hot water heater. The explosion was caused by a defective safety valve which had been manufactured by the defendant outside the State and sold to a Pennsylvania firm which installed the valve in Pennsylvania and shipped the complete heater into Illinois. The Illinois Court held that the defendant had committed a "tortious act," for the purpose of the Long Arm Statute, in Illinois. We set out in full the pertinent portion of the opinion:

"The wrong in the case at bar did not originate in the conduct of a servant physically present here, but arose instead from acts performed at the place of manufacture. Only the consequences occurred in Illinois. It is well established, however, that in law the place of a wrong is where the last event takes place which is necessary to render the actor liable. Restatement, Conflict of Laws, sec. 377. A second indication that the place of injury is the determining factor is found in rules governing the time within which an action must be brought. In applying statutes of limitation our court has computed the period from the time when the injury is done. *Madison v. Wedron Silica Co.*, 352 Ill. 60, 184 N.E. 901; *Leroy v. City of Springfield*,

81 Ill. 114. We think it is clear that the alleged negligence in manufacturing the valve cannot be separated from the resulting injury; and that for present purposes, the tort was committed in Illinois.

"Titan seeks to avoid this result by arguing that instead of using the word "tort," the legislature employed the term "tortious act"; and that the latter refers only to the act or conduct, separate and apart from any consequences thereof. We cannot accept the argument. To be tortious an act must cause injury. The concept of injury is an inseparable part of the phrase. In determining legislative intention courts will read words in their ordinary popularly understood sense. *Illinois State Toll Highway Comm. v. Einfeldt,* 12 Ill.2d 499, 147 N.E.2d 53; *Farrand Coal Co. v. Halpin,* 10 Ill. 2d 507, 140 N.E.2d 698. We think the intent should be determined less from technicalities of definition than from considerations of general purpose and effect. *To adopt the criteria urged by defendant would tend to promote litigation over extraneous issues concerning the elements of a tort and the territorial incidence of each, whereas the test should be concerned more with those substantial elements of convenience and justice presumably contemplated by the legislature.* As we observed in *Nelson v. Miller,* 11 Ill.2d 378, 143 N.E.2d 673, the statute contemplates the exertion of jurisdiction over nonresident defendants to the extent permitted by the due-process clause." (Emphasis supplied)

It is greatly persuasive to us that our legislature, in adopting a statute so very similar to that of Illinois, had before it this construction of the Illinois statute.

Moreover, so far as our research shows, of the State Courts construing similar statutes since the *Gray* decision, only one jurisdiction has refused to follow it and that decision was subsequently repudiated by the legislature.[2]

In *Darby v. Superior Supply Company*, 224 Tenn. 540, 458 S.W.2d 423, in which we first dealt with our long-arm statute, we cited with approval *Nelson v. Miller*, 11 Ill.2d 378, 143 N.E.2d 673, and *Southern Machine Co. Inc., v. Mohasko Industries*, 6 Cir., 401 F.2d 374, and said: "We hold that our statute, sec. 20-235 et seq T.C.A., was enacted with the intention to assert jurisdiction over nonresident defendants to the extent permitted by the due process clause.

Since, as this Court agreed, this was the primary purpose of the statute, it would follow that the words "within this state" should be read in aid of this jurisdiction, as relating to the requirements of the due process clause, rather than as a limitation on the definition of tortious act which would greatly narrow the statute's application.

Under the pleadings which we must take as true, this is the place the boy-plaintiff was blinded by Crosman's negligence. This is the place and society in relation to which his damages must be fixed. This is the place where the witnesses, factual and medical, are to be found. This is the place where economy and convenience dictate the suit should be tried. Should all of this be set at naught because of an ambiguity in the statute? Not as long as our statute reaches, as we have already said, as far as

---

[2] *Longines-Whittnauer Watch Co. v. Barnes & Reinecke*, supra, was deprived of effect in 1966 by sec. 302(a) (2) of the New York Civil Practice Law and Rules, which made plain the intent of the legislature to follow the *Gray* decision.

the Constitution of the United States permits, to serve these purposes. See Footnote.

■ We are of the opinion the service of process was valid. Accordingly, the assignments of error are sustained, the judgment of the trial court is set aside, and the case is remanded to the trial court for further proceedings.

DYER, CHIEF JUSTICE, and McCANLESS, JUSTICE, concur.

CHATTIN, JUSTICE, dissents in an opinion in which CRESON, JUSTICE, concurs.

*Footnote:*

The provision for service of process with respect to "transaction of any business" is followed by the words "within this state", just as the provision for process in a tort case. But these words have never been thought by anyone to require the entire business transaction to take place here.

MR. JUSTICE CHATTIN, (dissenting).

I respectfully dissent from the majority opinion holding personam jurisdiction of defendant, Crosman Arms Company, was acquired by a "tortious act or omission by it within this State."

The words of the statute must be taken in their ordinary sense and without any forced or subtle construction to extend their meaning. *Phillips & Buttorff Mfg. Co. v. Carson,* 188 Tenn. 132, 217 S.W.2d 1 (1949); *Burks v. State,* 194 Tenn. 675, 254 S.W.2d 970 (1953); *Ford Motor Company v. Pace,* 206 Tenn. 559, 335 S.W.2d 360 (1960).

"The whole purpose of statutory interpretation is to ascertain and give effect to the legislative intent;

and all rules of construction are but aids to this end. *Woodroof v. City of Nashville*, 183 Tenn. 483, 489, 192 S.W.2d 1013. Where the words of a statute are clear and plain and fully express the legislative intent, there is no room to resort to auxiliary rules of construction.'' *Anderson v. Outland*, 210 Tenn. 526, 360 S.W.2d 44 (1962).

Unambiguous statutes must be construed to mean what they say. *Montgomery v. Hoskins*, 222 Tenn. 45, 432 S.W.2d 654 (1968).

There is no ambiguity in the words ''any tortious act or omission within this State.''

The record shows the ''tortious act or omission'' of defendant alleged occurred in New York State and not ''within'' this State.

Defendant did nothing in this State. It shipped the rifles to this State by common carriers.

The occurrence of an injury in this State cannot serve to transmute an out-of-state tortious act or omission into one committed within this State under the wording of our statute. *Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68, 24 A.L.R.3d 506, cert. den. *Estwing Mfg. Co. v. Singer*, 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed.2d 158 (1965).

There remains whether jurisdiction in this case may be upheld under paragraph (a) which reads: ''The transaction of any business within the state.''

By demurring to the plea in abatement, plaintiff admitted all facts well pleaded but not the conclusion of the pleader.

Plaintiff states in his brief:

"The defendant has a large volume of sales in Tennessee, and the accident involved here resulted from its extensive sales activities in the state, so that no problem of minimum contact is involved."

However, the declaration does not bear out this statement. The declaration alleged:

"That in the loading and unloading of merchandise, a shipment of Crosman BB rifles had come into the warehouse; and one of the boxes, containing a Crosman V-350 BB rifle, had come open and another high school boy, named Terry Cathey, who was working after school with your minor plaintiff, did remove a new Crosman V-350 BB rifle from its container and loaded one BB shot into the barrel of the said rifle and fired at an empty box, causing a hole to be torn in same. That the said Terry Cathey cocked the said rifle again, and believing said rifle to be empty, did pull the trigger again. That there was another BB shot in the rifle, and it struck the minor plaintiff in his left eye, and said BB shot directly and proximately causing the loss of said eye."

This allegation does not, in my opinion, satisfy the "minimum contacts" test as announced in *International Shoe Company v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. (1945). The Supreme Court of the United States has consistently adhered to the "minimum contact" test of state jurisdiction over non-residents.

In the following cases due process was held violated, under the circumstances involved, by subjecting a non-

274

resident to the jurisdiction of the local courts on the basis of an isolated transaction involving the sale of property. All such cases are based upon the provision of the State's long arm statute containing the provision "transact[ing] of any business within this State". *Morgan v. Heckle* (D.C.Ill.) 171 F.Supp. 482 (1959); *Purdy Co. v. Argentina*, 333 F.2d 95, cert. den. 379 U.S. 962, 13 L.Ed.2d 557, 85 S.Ct. 653 (1964); *Conn v. Whitmore*, 9 Utah 2d 250, 342 P.2d 871 (1959); *Chassis-Trak, Inc. v. Federated Purchaser, Inc.*, (D.C.N.J.) 179 F.Supp. 780 (1960); *Perlmutter v. Standard Roofing and Tinsmith Supply Company*, 43 Misc.2d 885, 252 N.Y.S.2d 583 (1964); *Old Westbury Golf & Country Club, Inc. v. Mitchell*, 44 Misc. 2d 687, 254 N.Y.S.2d 679, affd. 24 A.D.2d 636, 26 N.Y.2d 438, affd. 18 N.Y.2d 670, 273 N.Y.S.2d 418, 219 N.E.2d 868 (1964); *Erlanger Mills, Inc. v. Cohoes Fibre Mills, Inc.*, (C.A. 4 N.C.) 239 F.2d 502 (1956); *Darby v. Superior Supply Company*, 224 Tenn. 540, 458 S.W.2d 423 (1970).

Defendant had no offices, representatives, salesmen, or any other contact with this State, under this record, other than to accept orders from Service Merchandise, Inc., through the United States mail and ship the material by common carriers in Interstate Commerce.

I would sustain the judgment of the trial court.

I am authorized to say MR. JUSTICE CRESON joins me in this opinion.