**Dorothy McCOY, Plaintiff,**

v.

**WEAN UNITED, INC., et al.,
Defendants.**

**Gerald C. GREENE, Plaintiff,**

v.

**WEAN UNITED, INC., et al.,
Defendants.**

**Civ. A. Nos. 3098, 3099.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 27, 1973.

Gary E. Brewer, Morristown, Tenn., for plaintiff.

G. P. Gaby and James W. Fletcher, Greeneville, Tenn., Richard M. Currie, Jr., Kingsport, Tenn., for defendants.

* " * * * Persons who are nonresidents of Tennessee * * * and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

> * * * * *

"(b) Any tortious act or omission within this state * * *.

> · * * * * *

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

These are civil actions by Tennessee citizens for damages for personal injuries arising from their operation within Tennessee of an allegedly defective punch-press manufactured and distributed by the defendants. The Court's jurisdiction is invoked pursuant to 28 U. S.C. § 1332(a)(1), (c). There was substituted service of process on the defendant Wean United, Inc., a non-resident corporation, T.C.A. § 20–235,* and it moved for a dismissal of the action, Rule 12(b), Federal Rules of Civil Procedure, or, in the alternative, to quash the service of process upon it as insufficient. Rule 12(b)(5), Federal Rules of Civil Procedure.

■ It is undisputed that the defendant Wean United, Inc. (Wean) sold the punch-press involved to a manufacturing concern in Michigan in 1950; that such concern subsequently came under the control of the respective plaintiffs' employer Lear Siegler, Inc. (Lear); and that such device afterward was utilized in Lear's industrial plant in Tennessee. It thus appears that substituted service upon Wean was proper on the respective plaintiffs' claim that Wean committed a tortious act within Tennessee and is subject to its jurisdiction, Kroger Company v. Adkins Transfer Company, D.C. Tenn. (1968), 284 F.Supp. 371, 378 [8], affirmed sub nom. Kroger Company v. Dornbos, C.A.6th (1969), 408 F.2d 813, 816 [3]; cf. Tate v. Renault, Inc., D.C. Tenn. (1967), 278 F.Supp. 457, 459 [1],

" 'Person' as used herein shall include corporations and all other entities which would be subject to service or [sic: of] process if present in this state. Any such person shall be deemed to have submitted to the jurisdiction of this state who acts in the manner above described through an agent or personal representative. * * * *" T.C.A. § 20–235.

affirmed C.A.6th (1968), 402 F.2d 795, if Wean had sufficient minimum contacts with Tennessee that the maintenance against it of these actions does not "* * * offend 'traditional notions of fair play and substantial justice.' * * *'" International Shoe Co. v. State of Washington, etc. (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 158 [3], 90 L.Ed. 95, 102.

■ A hearing on such due process issue was conducted by the Court on December 5, 1973. Wean's chief engineer Mr. Robert Soman testified that Wean maintained no factories, offices or employees within Tennessee; that the punch-presses it manufactured were sold and shipped into Tennessee through manufacturers' representatives in Georgia; that component parts thereof, for repairs and otherwise, were shipped directly by Wean and its subsidiaries into Tennessee; but that, in comparison to its total sales of such devices and parts, those into Tennessee comprised a "microscopic" portion. However, "* * * the doing of an act or the causing of a consequence in the forum state by the defendant can satisfy the requirements of the 'minimum contacts' test. * * *'" Southern Machine Company v. Mohasco Industries, Inc., C.A.6th (1968), 401 F.2d 374, 380 [4].

■ Where a defendant voluntarily places its products into the channels of national commerce, it subjects itself to the operation of the Tennessee Long-Arm Statute, T.C.A. § 20–235(b), for the purpose of responding to a plaintiff's claim that he was injured in Tennessee as the result of tortious acts committed in another state or other states. The fact that the product was brought into Tennessee after purchase in another state, to which transaction the defendant was not a direct party, does not insulate the defendant from substituted service of process. The continuous corporate activities of the defendant within Tennessee renders it fair and reasonable to subject it to proceedings in personam in Tennessee, at least insofar as the proceedings in personam seek to enforce causes of action relating to those very activities within the state. Southern Rendering Company v. York-Shipley, Incorporated, *Et Al*, D.C.Tenn. (1971), civil action no. 1037, this district, Winchester Division, memorandum opinion and order of June 2, 1971.

For such reasons Wean's motion, in both alternatives, lacks merit and hereby is denied.

■ The defendant Hansford Manufacturing Corporation (Hansford) moved the Court for a judgment on the pleadings, Rule 12(c), Federal Rules of Civil Procedure, unless Liberty Mutual Insurance Company, the workmen's compensation carrier of the respective plaintiffs' employer Lear is joined as a real party in interest. Rule 17(a), Federal Rules of Civil Procedure. There is no merit to such motion.

■ T.C.A. § 50–914 permits an employer to intervene in an action such as this to protect and enforce its subrogation lien in the event of recovery against a third person by its workman when such employer's maximum liability for workmen's compensation has been fully or partially paid and discharged. A defendant herein is not given a right of action thereunder. United States v. Aetna Cas. & S. Co. (1949), 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, urged by Hansford, is inapposite. There, it was decided that an insurer could bring suit against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., for payments made to a workman, in its own name as a real party in interest. Rule 17(a), Federal Rules of Civil Procedure. There was no discussion therein of a subrogated lien, such as is provided for in T.C.A. § 50–914, and the workman was not a party thereto.

Hansford's motion, therefore, hereby is denied.