WULF OIL CORPORATION v GREBE DRILLING COMPANY

Docket No. 78-4710. Submitted October 3, 1979, at Lansing.—Decided
November 20, 1979. Leave to appeal denied, 408 Mich 856.

Plaintiffs, Wulf Oil Corporation, a Wyoming corporation, and
Claude B. Hamill, entered into a drilling contract with Grebe
Drilling Company, a Wyoming corporation. The contract was
executed in and was to be carried out in the State of Wyoming.
Plaintiffs thereafter brought an action in a State of Wyoming
district court against Grebe Drilling Company, Carl E. Grebe,
president of Grebe Drilling and Winston E. Miller, attorney for
Grebe and Grebe Drilling. Both Grebe and Miller are Michigan
residents. Plaintiffs' complaint alleged that: (1) the drilling
contract had been breached; (2) the defendants had charged
debts to plaintiffs without plaintiffs' consent; and (3) defendants
defaulted on two promissory notes, one of $25,862.30 executed
by Grebe Drilling to plaintiff Wulf Oil and the other of
$7,698.06 executed on behalf of Carl Grebe by and through his
agent Winston Miller. Plaintiffs further alleged that Miller was
in the State of Wyoming when he signed the $7,698.06 note
personally and/or as agent for Carl Grebe. Defendants failed to
respond to the Wyoming complaint and the Wyoming court
entered a default judgment in the amount of $70,000, plus
interest and costs. Plaintiffs filed a complaint in Michigan to
enforce the Wyoming judgment. Defendants again defaulted
and the Midland Circuit Court, David S. DeWitt, J., entered a
default judgment for $70,000 against defendants "jointly and
individually". Following a denial of their motion to set aside
the default judgment, defendants Carl Grebe and Winston
Miller appealed. The Court of Appeals granted plaintiffs' mo-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 702 *et seq.*

[2] 47 Am Jur 2d, Judgments § 1257.

[3] 47 Am Jur 2d, Judgments § 919.

[4] 20 Am Jur 2d, Courts §§ 146, 146.3.

Validity as a matter of due process, of state statutes or rules of
court conferring in-personam jurisdiction over nonresidents or
foreign corporations on the basis of isolated business transactions
within state. 20 ALR3d 1201.

tion to affirm with respect to defendant Grebe, but denied the motion to affirm with respect to defendant Miller. Docket No. 77-4624, order of April 7, 1978. In an unpublished opinion, the Court of Appeals remanded the matter to the trial court for a redetermination of Miller's motion to set aside the default judgment. Docket No. 77-4624, unpublished opinion of April 24, 1978. On remand, the trial court again denied defendant Miller's motion to set aside the default judgment, finding that the Wyoming court had jurisdiction over Miller under the Wyoming long-arm statute, since Miller had transacted business in that state. Miller appeals. *Held:*

1. An appeal from a judgment enforcing a foreign judgment may not collaterally attack the obligation underlying the foreign judgment, since that judgment replaces and extinguishes the underlying obligation. The Court of Appeals may only consider whether the foreign judgment was entered by a court of competent jurisdiction.

2. The trial court's finding of fact that Miller had transacted business in Wyoming was not clearly erroneous, since it was stipulated by the parties that Miller was present and had signed promissory notes in Wyoming. The trial court's determination that the Wyoming court had jurisdiction over Miller under Wyoming's long-arm statute was therefore proper. Entry of the default judgment precludes Miller from asserting that he signed the note only in his representative capacity, since entry of the Wyoming default judgment is equivalent to an admission by Miller of plaintiffs' well pleaded averment that Miller signed the note personally and/or as an agent of Carl Grebe.

3. The power of the Wyoming court to enter a binding judgment against Miller under its long-arm statute, which provides limited personal jurisdiction over Miller, is limited to entry of a judgment on claims arising out of the act or acts creating the jurisdictional relationship between Miller and Wyoming. Since plaintiffs in the complaint filed in the State of Wyoming district court averred no acts by Miller in Wyoming other than his signing of the $7,698.06 promissory note, Miller's liability under the Wyoming judgment should be limited to his liability on that note. Accordingly, the trial court's judgment enforcing the Wyoming judgment must be amended to limit the judgment against Miller to $7,698.06.

Affirmed in part; reversed in part.

1. Appeal and Error — Judgment — Underlying Obligations — Collateral Attack — Court of Competent Jurisdiction.

An appeal from a judgment enforcing a foreign judgment may

not collaterally attack the obligation underlying the foreign judgment, since that judgment has replaced and extinguished the underlying obligation; thus, the Court of Appeals may only consider whether the foreign judgment was entered by a court of competent jurisdiction.

2. APPEAL AND ERROR — FINDINGS OF FACT — JURISDICTION OVER NONRESIDENTS — TRANSACTION OF BUSINESS — COURT RULES.

The finding by the trial court that an individual defendant was present and had transacted business in another state so as to provide a basis for jurisdiction over that individual by the courts of that other state is not erroneous where it was stipulated that the individual was present in and had signed promissory notes in the other state (GCR 1963, 517.1).

3. JUDGMENT — DEFAULT JUDGMENT — ADMISSION.

The entry of a default judgment precludes a defendant from asserting that he signed a note only in his representative capacity where plaintiff's complaint averred that the defendant signed the note personally, since entry of the default judgment is equivalent to an admission by the defaulting party to all well pleaded matters.

4. ACTION — JURISDICTION OVER NONRESIDENTS — ACTIVITIES WITHIN STATE.

Jurisdiction over a defendant is well founded where it can reasonably be said that said defendant purposefully availed himself of the privilege of conducting activities within the state asserting jurisdiction, since the defendant thereby invoked the benefit and protection of the laws of that state.

5. COURTS — JURISDICTION OVER NONRESIDENTS — LONG-ARM STATUTES — LIMITATIONS ON JURISDICTION.

The power to enter a binding personal judgment against a nonresident defendant pursuant to the limited personal jurisdiction under a long-arm statute is limited to entry of a judgment on claims arising out of the act or acts creating the jurisdictional relationship between the nonresident defendant and the state asserting jurisdiction.

6. JUDGMENT — ENFORCEMENT OF A FOREIGN JUDGMENT — PROMISSORY NOTES — LIMITED PERSONAL JURISDICTION — JURISDICTION OVER NONRESIDENTS.

A judgment in a Michigan court enforcing a default judgment secured in the courts of a sister state, where the judgment in the sister state included amounts due on a promissory note other than the promissory note which created limited personal

jurisdiction over the defendant in that state, is limited to the amount due on the promissory note creating limited personal jurisdiction, the sister state's court being without competent jurisdiction to render judgment against the defendant on the promissory note not executed by him in that state.

*Sinclair & Clulo,* for plaintiffs.

*Isackson and Neering, P.C.* (by *Arthur J. Spector),* for defendant Miller.

Before: DANHOF, C.J., and N. J. KAUFMAN and D. C. RILEY, JJ.

N. J. KAUFMAN, J. This dispute arose out of a drilling contract executed between two Wyoming corporations, plaintiff Wulf Oil and defendant Grebe Drilling Company. The contract was executed in and was to be carried out in Wyoming. Initially, plaintiffs filed a complaint in a Wyoming district court alleging three causes of action against Grebe Drilling, Carl Grebe, and Winston Miller. Both Carl Grebe, the president of Grebe Drilling, and Winston Miller, an attorney for Carl Grebe and Grebe Drilling, are Michigan residents. The first cause involved a breach of the Wyoming drilling contract, the second alleged that defendants charged debts to plaintiffs without plaintiffs' consent, the third stated that Grebe Drilling executed a $25,862.30 note to plaintiff Wulf Oil and that Carl Grebe, by and through his agent Winston Miller, executed a note to plaintiff Wulf Oil for $7,698.06. This latter cause also alleged that Winston Miller was in Wyoming when he signed the $7,698.06 note personally and/or as agent for Carl Grebe.

The Wyoming district court entered a default judgment against the "Defendants" in the amount

of $70,000 plus interest and costs. Plaintiffs filed a complaint to enforce this judgment in Midland County Circuit Court. The defendants were again defaulted, due to their failure to answer or otherwise plead. Thereafter, defendants moved to set aside the default judgment. The trial court denied the motion for failure to show good cause and entered a judgment for $70,000 against defendants "jointly and individually".

Defendants Carl Grebe and Winston Miller appealed from that determination. This Court granted plaintiffs' motion to affirm as to Carl Grebe but denied the motion to affirm as to Winston Miller. On April 24, 1978, this Court released an unpublished per curiam opinion remanding this cause to the Midland County Circuit Court for a redetermination of defendant Miller's motion to set aside the default judgment. The opinion required specific findings of fact on the question of Wyoming's jurisdiction over the person of Winston Miller under its long-arm statute.

On remand, the trial court again denied defendant Miller's motion to set aside the default on the ground that the Wyoming district court had jurisdiction over his person under the long-arm statute, since defendant Miller had been present in Wyoming and had transacted business in that state. From this order, defendant Miller appeals as of right.

Defendant Miller challenges the trial court's jurisdictional ruling on two fronts. First, he contends that the trial court erred in holding that the Wyoming district court had jurisdiction under its long-arm statute. Then, he asserts that, even if Wyoming jurisdiction can be predicated upon his business transactions within that state, his only transaction was the execution of the $7,698.06

promissory note. Thus, the default judgment should be limited to that amount.

Initially, we note that, because this case involves a foreign judgment, this Court may only consider defendant's claim that the Wyoming judgment was entered by a court without competent jurisdiction. We cannot consider collateral attacks against the obligation underlying the judgment, since the judgment has replaced and extinguished this obligation, *Northern Ohio Bank v Ket Associates, Inc,* 74 Mich App 286, 289-290; 253 NW2d 734 (1977). See also MCL 691.1151 *et seq.;* MSA 27.955(1) *et seq.*

The Wyoming long-arm statute, Wyo Stat § 5-4.2, sets forth a basis for jurisdiction over the defendant. It provides in pertinent part:

"§ 5-4.2 (a) In addition to all other bases of jurisdiction otherwise authorized or provided by law, any court of this state may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's

"(i) transacting any business in this state".

Upon remand, the parties stipulated that defendant Miller is the attorney for the defendant corporation and defendant Grebe, and that "the promissory notes were signed by all parties in the State of Wyoming". Based upon this stipulation, the trial court found that defendant Miller was present and transacted business in the State of Wyoming. Therefore, the court held Wyoming had jurisdiction over the defendant.

We do not regard this finding as clearly erroneous under GCR 1963, 517.1. The stipulation demanded just such a finding. Further, we hold that the default judgments entered against the defendant preclude him from asserting that he signed the note solely in a representative capacity,

since the entry of a default judgment is equivalent to an admission by the defaulting party to all of the matters well pleaded, and one of the averments of plaintiff's initial complaint was that defendant Miller signed the note personally. See *Sahn v Brisson,* 43 Mich App 666, 670-671; 204 NW2d 692 (1972). Wyoming jurisdiction was well founded against defendant Miller. It can reasonably be said that he purposefully availed himself of the privilege of conducting activities within the State of Wyoming, thus invoking the benefit and protection of its laws, *Hanson v Denckla,* 357 US 235, 253; 78 S Ct 1228, 1240; 2 L Ed 2d 1283, 1298 (1958).

While we are not wont to disturb the jurisdictional finding herein, we are inclined to limit it. It appears the defendant's only contact with Wyoming was his execution of a promissory note there for $7,698.06. Defendant admitted as much in his stipulation of facts on remand. This constituted transaction of business within the state and conferred limited personal jurisdiction over the defendant under the Wyoming long-arm statute. Limited personal jurisdiction is the power to enter a binding personal judgment against the defendant, limited, however, to claims arising out of the act or acts creating the jurisdictional relationship between the defendant and the state. *Sifers v Horen,* 385 Mich 195; 188 NW2d 623 (1971), MCL 600.705; MSA 27A.705, 1 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 125.

The Wyoming long-arm statute should be interpreted similarly. Jurisdiction over the defendant in Wyoming should have been limited to claims arising out of defendant's transaction within that state. Therefore, we hold that the default judgments entered against defendant Miller are only

valid up to the amount of the promissory note stipulated by the parties to have been executed by Miller in Wyoming, *i.e.,* $7,698.06.

At this juncture, we note that the facts averred in the complaint filed in the State of Wyoming differ from the stipulated facts filed in Michigan, in that the latter states that defendant signed notes in the State of Wyoming whereas, the complaint filed in the State of Wyoming averred in paragraph two of the third cause of action: "That the Defendant, Grebe Drilling Company, has executed to the benefit of Wulf Oil Corporation a 30-day note in the amount of $25,862.30". Furthermore, an examination of the two notes both signed December 11, 1974, indicates that defendant Miller's name appears on the note for $7,698.06 and not on the note signed the same date at the same place for $25,862.30. In view of the foregoing, we hold defendant Miller liable only on the $7,698.06 note.

We decline to affirm the judgment in toto and hold defendant Miller upon a note which he did not execute. To do so would be to improperly bootstrap a claim onto the limited jurisdiction Wyoming acquired over defendant Miller. The Supreme Court of Colorado was called upon to consider a very similar situation in *Tucker v Vista Financial Corp,* 560 P2d 453 (Colo 1977). In that case, a California judgment was sought to be enforced in Colorado. The Colorado Supreme Court looked behind the judgment for jurisdictional purposes and found that it was based on two notes, one of which (the Crocker note) was executed in California by the party sought to be charged, the other (the Vista note) was not. There was no contact with California regarding the Vista note and thus no jurisdictional base for its enforcement.

The Colorado Supreme Court recognized this and stated:

"To allow jurisdiction as to the Vista note to be based on the unrelated contact of the Crocker note would be to open to abuses of the judicial process. Small claims for which jurisdiction does exist could be used to 'bootstrap' larger claims for which no link can be established. This 'tacking on' of claims cannot be allowed to erode the power of the enforcing state court to examine the jurisdictional bases of the judgment." *Tucker, supra,* 456.

Affirmed in part; reversed in part. The case is remanded for entry of a judgment of $7,698.06 against the defendant Miller. Costs to appellee, appellant having allowed the plaintiffs to take two default judgments.