ALAN B McPHERON, INC v KONING

Docket No. 59811. Submitted December 8, 1982, at Grand Rapids.—
Decided May 3, 1983.

Henry J. Koning, a Michigan resident, orally agreed with an Oklahoma resident to exchange aircraft belonging to the two parties. Koning sent an agent to Oklahoma to consummate the deal but difficulties arose and the agent was arrested when, at Koning's instructions, he attempted to return Koning's aircraft to Michigan. The Oklahoma authorities charged the agent with a felony and placed him in jail. Koning thereafter had his Michigan attorney solicit Alan B. McPheron, an Oklahoma attorney, to provide legal services for the agent. McPheron was paid a $1,000 retainer fee and successfully resolved the agent's legal difficulties. McPheron then billed Koning for an additional $2,000, which Koning refused to pay. McPheron sued Koning in an Oklahoma court, after serving Koning with notice of the suit in compliance with the Oklahoma long-arm statute. McPheron obtained a default judgment against Koning for $2,000 plus fees and costs. Alan B. McPheron, Inc., then filed suit in 61st District Court to enforce the Oklahoma judgment. Koning failed to respond to the suit and a default judgment was entered against him, but was subsequently set aside. Koning moved for summary judgment and the court dismissed the complaint, holding that the Oklahoma court did not have in personam jurisdiction over defendant. McPheron, Inc., appealed to Kent Circuit Court, which affirmed the judgment of the district court, George V. Boucher, J. McPheron appeals. *Held:*

1. The Oklahoma court had statutory authority to exercise in personam jurisdiction over defendant under the facts of this case. Furthermore, the exercise of in personam jurisdiction by the Oklahoma court is consistent with the policy and case law of Michigan. The contacts involved in this case are sufficient to support a finding that Koning was transacting business in

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 62 Am Jur 2d, Process §§ 75, 79.
  What amounts to doing business in a state within statute providing for service or process in action against nonresident natural person or persons doing business in state. 10 ALR2d 200.

Oklahoma, or had sufficient relationship to that state or to persons or property within the state to establish a basis for the exercise of limited in personam jurisdiction over defendant.

2. Koning's due process rights were not violated.

3. The district court's judgment is vacated and the case is remanded for enforcement of the Oklahoma judgment.

Vacated and remanded.

1. COURTS — JURISDICTION — FOREIGN JUDGMENTS — COLLATERAL ATTACKS.

Michigan courts have the power to consider whether a foreign court had jurisdiction to enter a judgment against a Michigan resident, but Michigan courts may not consider a collateral attack against the obligation underlying a foreign judgment since the judgment has replaced and extinguished that obligation.

2. COURTS — JURISDICTION — LONG-ARM STATUTES — DUE PROCESS.

The standard for determining whether violations of a party's due process rights occurred in a case wherein a court's jurisdiction to enter a judgment against a nonresident through use of that state's long-arm statute is questioned is whether the defendant's conduct and connection with the forum state were such that he should have reasonably anticipated being haled into court there.

3. COURTS — JURISDICTION — LONG-ARM STATUTES — CONTACTS.

A single contact, not tied to the unilateral activity of those who claim some relationship with a nonresident defendant, is enough to support jurisdiction through use of the long-arm statute if this contact gives rise to a reasonably anticipated legal action (MCL 600.705[1]; MSA 27A.705[1]).

*Hayes & Davis* (by *Caroline M. Dellenbusch),* for plaintiff.

*Wierenga & Sevensma* (by *Berton Sevensma* and *Robert L. Kloostra),* for defendant.

Before: R. B. BURNS, P.J., and BEASLEY and M. B. BREIGHNER,* JJ.

M. B. BREIGHNER, J. The issue in this case is

---

* Circuit judge, sitting on the Court of Appeals by assignment.

whether an Oklahoma judgment should be enforced in a Michigan court where jurisdiction over defendant is dependent upon Oklahoma's long-arm statute. Under the facts of this case, we hold that Oklahoma obtained limited in personam jurisdiction over the defendant; that the Oklahoma judgment was entitled to be honored by the Michigan courts; and that this case must be remanded to the district court for enforcement.

## FACTS

Defendant, a Michigan resident, advertised in a national magazine, offering to trade or sell his aircraft. An Oklahoma resident responded to this advertisement. Telephone negotiations between the Michigan and Oklahoma residents resulted in an agreement to exchange one airplane for another and two helicopters. Defendant sent a Michigan agent to Oklahoma to assist and to participate in consummating the transaction. Difficulties arose and the agreement was not completed. The agent was arrested when, at defendant's instructions, he attempted to return defendant's airplane to Michigan. He was charged with a felony and jailed.

At defendant's request, his Michigan lawyer solicited plaintiff, an Oklahoma lawyer, to provide defendant's agent with legal services. Defendant sent plaintiff a $1,000 retainer. Plaintiff eventually resolved the Oklahoma difficulties and sent a bill to defendant for an additional $2,000, which defendant did not pay.

After serving defendant by certified mail pursuant to Oklahoma's long-arm statute, plaintiff obtained a default judgment for $2,000 plus fees and costs. Plaintiff then brought suit in Michigan in the 61st District Court to enforce the Oklahoma judgment. Because defendant ignored process from

this court, a default judgment was entered against him. The default judgment was later set aside. On motion for summary judgment, the Michigan court dismissed the complaint, holding that the Oklahoma court did not have in personam jurisdiction over defendant. Plaintiff appealed to Kent Circuit Court, which affirmed the decision of the district court.

The Oklahoma resident appeals this decision. The plaintiff contends that the relationship between the parties provides sufficient contacts to justify the exercise of jurisdiction under the Oklahoma long-arm statute. Plaintiff also contends that due process requirements have been met.

## JURISDICTION OF THE OKLAHOMA COURT

A Michigan court has the power to consider whether or not the Oklahoma court had jurisdiction to enter its judgment. A Michigan court may not consider a collateral attack against the obligation underlying the judgment since the judgment has replaced and extinguished that obligation. *Wulf Oil Corp v Grebe Drilling Co,* 93 Mich App 793, 798; 287 NW2d 344 (1979).

To determine the question of whether the Oklahoma long-arm statute provided in personam jurisdiction over defendant we first look to Oklahoma law to interpret the application of its long-arm statute.

The pertinent statute, 12 Okla Stat 1965, § 1701.01 *et seq.,* provides in pertinent part:

"§ 1701.01. 'Person' defined

"As used in this Article, 'person' includes an individual, his executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, whether or not

a citizen or domiciliary of this state and whether or not organized under the laws of this state.

\* \* \*

"§ 1701.03. Bases of jurisdiction

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

"(1) transacting any business in this state;

\* \* \*

"(7) maintaining any other relation to this state or to persons or property including support for minor children who are residents of this state which affords a basis for the exercise of personal jurisdiction by this state consistently with the Constitution of the United States.

"(b) When jurisdiction is based solely upon this section, the defendant's appearance does not authorize the exercise of personal jurisdiction except as to a cause of action or claim for relief arising in the circumstances enumerated in this section."

The Oklahoma court found that defendant, acting through his agent, had contracted for the purchase of an aircraft in Oklahoma and that his agent, while carrying out the contract, was arrested and charged with crimes. The court further found that defendant had engaged the services of plaintiff, who obtained a favorable disposition of the problems brought on by defendant's dealings in Oklahoma. Based upon these findings, the Oklahoma court found it had limited in personam jurisdiction over defendant pursuant to 12 Okla Stat 1965, § 1701.03(1).

We conclude that the exercise of in personam jurisdiction over defendant by the Oklahoma court, under the facts of this case, was within the court's statutory authority. The defendant's activities fall under either subsection (1) or subsection (7) of § 1701.03 of the Oklahoma long-arm statute.

Subsection (7) provides that the courts of Oklahoma may exercise jurisdiction over any person "maintaining any other relation to (Oklahoma) or to persons or property * * * who are residents of (Oklahoma) which afford a basis for the exercise of personal jurisdiction (consistent) with the Constitution of the United States".

With respect to this clause the Oklahoma Supreme Court has focused its attention upon the constitutional limitations of the exercise of in personam jurisdiction by its courts. See *ABC Drilling Co, Inc v Hughes Group,* 609 P2d 763, 768-769 (Okla, 1980); *Vemco Plating, Inc v Denver Fire Clay Co,* 496 P2d 117, 119 (Okla, 1972).

The Oklahoma court has declared its intention to interpret its long-arm statute expansively. In *Vemco, supra,* p 199, the Supreme Court found:

"In view of the facts which the affidavits, depositions, and exhibits filed in this case tend to show, it cannot be held that defendant did not contract to supply 'things in this state' nor that it maintained no relation to 'persons or property' residing in this State under the above quoted statute. As this statute was intended 'to extend the jurisdiction of Oklahoma courts over nonresidents to the outer limits permitted by the' United States Constitution's due process requirements *(Hines v Clendenning,* 465 P2d 460, 426 [Okla, 1970]) and is to be construed 'to widen the constitutional bases upon which the courts of the states may exercise in personam jurisdiction consistent' with those requirements *(Parks v Slaughter,* 270 F Supp 524, 525 [Okla, 1967]), defendant's arguments and authorities dealing with the bases of jurisdiction provided by the earlier enactment (§ 187, *supra)* are not persuasive."

While we find no Oklahoma appellate decision directly on point to support the decision of the

Oklahoma trial court in this case, its decision is consistent with the above stated policy.

The exercise of in personam jurisdiction by Oklahoma, in this case, is consistent with the policy and case law of Michigan. The Michigan Supreme Court has found contracting for legal services to be "transacting any business" within the state. In *Sifers v Horen,* 385 Mich 195; 188 NW2d 623 (1971), the defendant was a resident of, and a duly licensed attorney in, the state of Kentucky. He was present in Michigan while lecturing to a group of attorneys in Saginaw concerning personal injury and negligence law and practice. During this seminar, the defendant was hired by the plaintiff to represent her in a case later tried in Louisville, Kentucky. 385 Mich 200-202. The plaintiff subsequently filed a malpractice action against the defendant in a Michigan circuit court. The issue was whether the circuit court had jurisdiction over the defendant, given the limited nature of the defendant's contacts with Michigan. The court found that the negotiations in Michigan which resulted in the defendant's retainer came within the concept of transacting any business as contained in the Michigan long-arm statute, MCL 600.705(1); MSA 27A.705(1).

We also find *Woodward v Keenan,* 79 Mich App 543; 261 NW2d 80 (1977), pertinent to the issue in this case.

While the defendant in this case did not actually go to Oklahoma to solicit the services of plaintiff, he did seek services in Oklahoma which could not be provided elsewhere. Since defendant solicited services to be rendered in Oklahoma, it is reasonable to conclude that he ought to have been prepared to travel to Oklahoma to challenge these services if he felt they were rendered improperly.

It is important that defendant made the initial contact seeking legal services to be rendered in Oklahoma. Plaintiff was contacted by defendant who was the person initiating the transaction. *Woodward, supra.* The legal services sought by defendant were necessary because of defendant's efforts to sell his aircraft to an Oklahoma resident who was solicited by defendant's advertisement. Defendant's Michigan agent was present in Oklahoma to complete the trade arrangement. This presence, and actions connected with it, gave rise to the need for plaintiff's legal services.

In Oklahoma cases involving sales, the critical factor considered by the Oklahoma courts is which of the parties is the aggressor and which is the passive participant. *Vacu-Maid v Covington,* 530 P2d 137 (Okla App, 1974); *Curtis v CIA Machinery, Inc,* 571 P2d 862 (Okla App, 1977).

Under Oklahoma law, as under Michigan law, the contacts involved in this case are sufficient to support a finding that defendant was transacting business in Oklahoma, or had sufficient relationship to that state or to persons or property within the state to establish a basis for the exercise of limited in personam jurisdiction over defendant, unless the outer limits of the due process requirements of the United States Constitution were exceeded.

## Defendant's Due Process Rights

We turn to a consideration of whether or not defendant's due process rights have been violated. We find no violation of these rights.

The United States Supreme Court recently considered an Oklahoma court's exercise of jurisdiction over a nonresident defendant pursuant to its

long-arm statute. *World-Wide Volkswagen Corp v Woodson,* 444 US 286; 100 S Ct 559; 62 L Ed 2d 490 (1980). While that case is factually distinguishable from the present one, the Supreme Court reexamined the due process principles set forth in its previous decisions to supply a standard which can be used to examine defendant's conduct in the present case.

That standard was summarized as follows:

"This is not to say, of course, that foreseeability is wholly irrelevant. But the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there. See *Kulko v California Superior Court, supra,* 97-98 [56 L Ed 2d 132; 98 S Ct 1690]; *Shaffer v Heitner,* 433 US 216 [53 L Ed 683; 97 S Ct 2569]; and see *id.,* 217-219 [53 L Ed 2d 683; 97 S Ct 2569] (Stevens, J., concurring in judgment). The Due Process Clause, by ensuring the 'orderly administration of the laws', *International Shoe Co v Washington,* 326 US 319 [90 L Ed 95; 66 S Ct 154; 161 ALR 1057] gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." 444 US 297.

In the present case, defendant purposely availed himself of the laws and legal system of Oklahoma. See *Hanson v Denckla,* 357 US 235; 78 S Ct 1228; 2 L Ed 2d 1283 (1958). As part of this availing process, defendant required the assistance of plaintiff, an attorney duly licensed to practice law in Oklahoma. Plaintiff was sought out by defendant, directed through correspondence and numerous phone calls, and paid a retainer in connection with required services.

Clearly, if problems should arise out of this contract for legal services, resulting in defendant's refusal to pay his Oklahoma attorney, "he should reasonably anticipate being haled into court there". *World-Wide, supra,* p 297. See also *Woodward, supra,* p 547.

While defendant's contact with Oklahoma is limited, plaintiff's cause of action arose directly from that contact. A single contact, not tied to the unilateral activity of those who claim some relationship with a nonresident defendant, is enough to support jurisdiction if this contact gives rise to a reasonably anticipated legal action. *World-Wide, supra,* pp 502-503, citing *Hanson, supra,* p 253; *Kulko v California Superior Court,* 436 US 84, 97-98; 98 S Ct 1690; 56 L Ed 2d 132 (1978). See also *ABC Drilling Co, Inc, supra,* pp 768-769.

The judgment below is vacated. We remand to the 61st District Court for enforcement of the Oklahoma judgment.

Costs to appellant.