KRIKO v ALLSTATE INSURANCE COMPANY OF CANADA

Docket No. 71480. Submitted April 17, 1984, at Detroit.—Decided September 17, 1984.

Jon Kriko, a Canadian citizen, was injured in an automobile accident in Detroit. At the time of the accident, he was a passenger in a car owned and driven by another Canadian citizen. Kriko was covered by an automobile insurance policy issued by Allstate Insurance Company of Canada. Allstate paid benefits to Kriko for approximately 10 months. After that, Allstate determined that Kriko was no longer disabled and discontinued payment of benefits. Kriko filed suit against Allstate in Wayne Circuit Court seeking resumption of the benefits allegedly still owed him by Allstate. Allstate filed a motion for accelerated judgment on the ground that the court had no jurisdiction over Allstate. Accelerated judgment was granted, John D. O'Hair, J. Kriko appeals. *Held:*

1. The trial court has jurisdiction over defendant by virtue of the long-arm jurisdiction statute because defendant deliberately filed a certification of compliance with the State of Michigan no-fault act. Plaintiff was entitled to initiate proceedings against defendant in Michigan.

2. Although the trial court may properly exercise jurisdiction over defendant, it may not be the best forum in which to try the case. The trial court's order for accelerated judgment is reversed and the case is remanded for trial, without prejudice to defendant's bringing a motion to dismiss on the grounds of forum non conveniens.

Reversed and remanded.

BEASLEY, J., dissented. He would hold that there is nothing in this case upon which to base jurisdiction. He would affirm.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 7 Am Jur 2d, Automobile Insurance §§ 350, 352.
[2] 20 Am Jur 2d, Courts § 142 *et seq.*
36 Am Jur 2d, Foreign Corporations § 333.

OPINION OF THE COURT

1. INSURANCE — NO-FAULT INSURANCE — FOREIGN INSURANCE COMPA-
NIES — JURISDICTION.

The voluntary filing of a certificate of compliance with Michigan
no-fault laws is sufficient to give courts in Michigan personal
jurisdiction over a foreign insurance company which has no
other connection with the state where a nonresident is injured
in an automobile accident in the state and is covered by a
policy of insurance written by the insurance company (MCL
500.3163, 600.715; MSA 24.13163, 27A.715).

2. COURTS — JURISDICTION — NONRESIDENTS — MINIMUM CONTACTS.

A nonresident defendant must have minimum contacts with the
state, and its involvement with the forum must be freely and
intentionally entered into, in order to come within the jurisdic-
tion of a state court.

DISSENT BY BEASLEY, J.

3. INSURANCE — NO-FAULT INSURANCE — FOREIGN INSURANCE COMPA-
NIES — JURISDICTION.

*The fact that a nonresident insurance company filed a certificate
of compliance with the Michigan no-fault insurance act and
insured a nonresident who was injured in an accident in
Michigan while riding as a passenger in an automobile owned
and driven by someone else is not a sufficient basis for confer-
ring personal jurisdiction over the insurance company under
the long-arm statute in a breach of contract case brought
against the insurer by the nonresident injured passenger (MCL
500.3163, 600.715; MSA 24.13163, 27A.715).*

*Lopatin, Miller, Freedman, Bluestone, Erlich,
Rosen & Bartnick* (by *Richard E. Shaw*), for plain-
tiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker,
P.C.* (by *John E. McSorley*), for defendant.

Before: SHEPHERD, P.J., and BEASLEY and W. J.
CAPRATHE,* JJ.

SHEPHERD, P.J. Plaintiff appeals as of right from
a trial court order granting accelerated judgment

* Circuit judge, sitting on the Court of Appeals by assignment.

in favor of defendant for lack of personal jurisdiction.

Plaintiff was injured in an automobile accident which occurred on September 3, 1981, in Detroit. Plaintiff was a passenger in a car owned and driven by Joseph Mader. Both plaintiff and Mader were and are Canadian residents and citizens. Defendant Allstate is a Canadian insurance company.

Defendant paid benefits to plaintiff, its insured, until July, 1982. At that point, defendant determined that plaintiff was no longer disabled and discontinued benefits. Plaintiff brought suit in Wayne County Circuit Court on September 28, 1982, seeking resumption of the benefits allegedly still owed him under the policy with defendant. Accelerated judgment was granted in favor of defendant on the ground that the trial court had no jurisdiction over defendant.

It is clear that defendant is not a resident of Michigan. It has no registered agent in Michigan, nor does it maintain offices in this state. It is not licensed to do business in Michigan, nor, apparently, does it seek customers who are residents of this state. The question, therefore, is whether Michigan may assert long-arm jurisdiction over defendant in the instant case. MCL 600.715; MSA 27A.715 provides that the courts of this state may exercise limited personal jurisdiction over a corporation and enter judgments against the corporation as a result of an act which creates or consists of the following relationships:

"(1) The transaction of any business within the state.

* * *

"(4) Contracting to insure any person, property, or

risk located within this state at the time of contracting."

Defendant contends that this statute does not confer personal jurisdiction in the instant case and, even if it did, such a construction of the statute would be contrary to the requirements of due process under the United States Constitution. We disagree.

MCL 600.715 was intended to give Michigan courts the full extent of power possible to gain personal jurisdiction over nonresident defendants as is consistent with the principles of due process. *Northern Ins Co v B Elliott, Ltd,* 117 Mich App 308; 323 NW2d 683 (1982), *lv den* 417 Mich 968 (1983); *Korcos v Lola Cars, Ltd,* 97 Mich App 379; 296 NW2d 32 (1980). Consistent with this goal, we are of the opinion that defendant transacted business within the State of Michigan to an extent sufficient to meet the requirements of MCL 600.715(1); MSA 27A.715(1).

Defendant voluntarily chose to file a certificate of compliance with Michigan no-fault laws pursuant to MCL 500.3163; MSA 24.13163. That statute provides that:

"(1) An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies, shall be subject to the personal and property protection insurance system set forth in this act.

"(2) A nonadmitted insurer may voluntarily file the certification described in subsection (1).

"(3) When a certification filed under subsections (1) or

(2) applies to accidental bodily injury or property damage, the insurer and its insureds with respect to that injury or damage have the rights and immunities under this act for personal and property protection insureds, and claimants have the rights and benefits of personal and property protection insurance claimants, including the right to receive benefits from the electing insurer as if it were an insurer of personal and property protection insurance applicable to the accidental bodily injury or property damage."

Defendant, who was not licensed to do business in Michigan, filed its certification pursuant to MCL 500.3163(2). Defendant was therefore clearly aware that its insureds might be travelling in the State of Michigan and involved in accidents therein; it would appear that defendant sought to make its insurance policies more attractive to potential customers who might be regular travellers in the State of Michigan and/or sought to avail itself of the potential benefits provided by Michigan's no-fault system by filing its certification. This activity, combined with the fact that the accident out of which plaintiff's claim arose occurred in the State of Michigan, leads us to conclude that the courts of this state do have jurisdiction over defendant in the instant case.

Under Michigan's no-fault system, one entitled to benefits under an insurance policy is possessed of the right to sue the insurance company when benefits are unreasonably denied. Under MCL 500.3163, therefore, plaintiff was permitted to initiate proceedings against defendant.

In order for a state court to assert jurisdiction over a nonresident defendant, that defendant must have minimum contacts with the state, and its involvement with the forum must be freely and intentionally entered into. *Speckine v Stanwick International, Inc,* 503 F Supp 1055 (WD Mich,

1980). We find defendant's voluntary filing of a certificate of compliance with Michigan no-fault insurance laws to constitute a free and intentional act of involvement with the State of Michigan insofar as defendant might be subject to liability for accidents involving its insureds which occurred in this state. Defendant made a deliberate and presumably advantageous business decision to restrict its liability toward others when its insureds drove in this state in exchange for its agreement to pay no-fault insurance benefits where warranted without regard to fault. We therefore find the requirements for long-arm jurisdiction under MCL 600.715(1) to be satisfied.

Although it is not entirely clear whether such is the case from the facts available to us on appeal, we would also hold that, if defendant deliberately filed a certification of compliance with the Michigan no-fault act in order to attract customers who were known to drive frequently in the State of Michigan, we would also find jurisdiction appropriate under MCL 600.715(4); MSA 27A.715(4). While in general, Canadian citizens could not properly be defined as "located within this state at the time of contracting", a customer-related risk would be so located for purposes of long-arm jurisdiction if Canadian citizens regularly travelled within this state and defendant deliberately elected to abide by the no-fault insurance rules of this state in order to attract those who might frequently be found in this state and who would therefore be more likely to be involved in accidents and subject to the no-fault processes here.

We are convinced that this interpretation is consistent with the requirements of due process. See *Sifers v Horen,* 385 Mich 195, 198; 188 NW2d 623 (1971); *Alan B McPheron, Inc v Koning,* 125

Mich App 325; 336 NW2d 474 (1983). It is likely that defendant insures a number of drivers who enter this state, particularly given the close proximity of Michigan's borders to Canada. A proportion of those drivers will certainly be involved in automobile accidents, and defendant will be responsible for payment of no-fault benefits as a result of some of those accidents. Defendant has specifically agreed, by filing its certificate of compliance, to be responsible for no-fault benefits mandated by Michigan law in such circumstances where they are required. Since defendant has voluntarily subjected itself to the provisions of the no-fault insurance act, we find it both fair and reasonable (and foreseeable by defendant) that the courts of this state should have personal jurisdiction over defendant in cases concerning no-fault benefits provided for by the Michigan no-fault insurance act. In determining that the courts of this state may properly exercise their jurisdiction over defendant, however, we do not necessarily hold that this state or Wayne County is the best forum in which to try this case. We therefore reverse the trial court's order for accelerated judgment and remand for trial, without prejudice to defendant's motion to dismiss on the grounds of forum non conveniens. Should defendant so move, and should such motion be found by the trial court to be timely, the trial court should consider all factors relevant to determining whether it should decline to exercise its otherwise properly assumed jurisdiction. See *Anderson v Great Lakes Dredge & Dock Co,* 411 Mich 619; 309 NW2d 539 (1981); *Dayton Mall Motor Inn v Honeywell, Inc,* 132 Mich App 174; 347 NW2d 15 (1984).

Reversed and remanded.

Costs to abide the final outcome.

W. J. CAPRATHE, J., concurred.

BEASLEY, J. *(dissenting).* I respectfully dissent.

As indicated in the majority opinion, plaintiff, Jon Kriko, is a Canadian resident and Canadian citizen who carried automobile liability insurance with defendant, Allstate Insurance Company of Canada, which is a Canadian insurance company.

Defendant Allstate paid benefits to plaintiff as a result of an automobile collision on September 3, 1981, in Detroit, Michigan, in which plaintiff was a passenger in a car owned and driven by Joseph Mader, also a Canadian resident and citizen. In July, 1982, defendant Allstate discontinued payments to plaintiff when defendant Allstate decided plaintiff was no longer disabled. Plaintiff disputed that factual determination and brought this action to require defendant Allstate to resume payments under the insurance policy. Thus, this is a claim for damages for breach of contract.

I would hold that under the facts of this case there is simply nothing upon which to base jurisdiction.[1] The fact that the accident occurred in Michigan is irrelevant to where plaintiff may prosecute a civil, contractual claim against his own insurance company. The suit belongs in Canada. I see no public policy requiring Michigan to extend its jurisdiction to a Canadian contract action between Canadian litigants.

I would vote to affirm.

---

[1] See *Hall v Scott,* 416 So 2d 223 (La App, 1982).