## WITBECK v BILL CODY'S RANCH INN

Docket No. 79666. Submitted August 21, 1985, at Detroit.—Decided December 16, 1985. Leave to appeal applied for.

Plaintiff, Michelle Witbeck, a resident of Michigan, through her father and next friend, Gary Witbeck, filed suit in Wayne Circuit Court against defendants Bill Cody's Ranch Inn, Best Western International, Inc., the American Automobile Association and the Automobile Club of Michigan, jointly and severally. Plaintiff sought damages for injuries she sustained as a result of a horseback riding accident on or near the premises of Bill Cody's Ranch in the State of Wyoming. Defendant Bill Cody's Ranch filed a motion for accelerated judgment claiming that the Wayne Circuit Court lacked personal jurisdiction over it. Defendant Best Western filed a motion to decline jurisdiction based on the doctrine of *forum non conveniens*. The trial court, Marvin R. Stempien, J., denied both motions. Defendants Bill Cody's Ranch and Best Western appeal by leave granted. *Held:*

1. Michigan's long-arm statute authorizes Michigan courts to exercise limited personal jurisdiction over a nonresident corporation and to enter judgments against the corporation as a result of any acts listed in the statute. The statute was intended to give Michigan courts personal jurisdiction to the fullest extent possible consistent with due process principles. Under the "minimum contacts" test, a state may not exercise in personam jurisdiction over a nonresident defendant unless the defendant has certain "minimum contacts" with the forum

REFERENCES

Am Jur 2d, Courts §§ 172-176.

Am Jur 2d, Foreign Corporations §§ 317, 329, 333, 365-367, 470-477, 489, 595.

In personam jurisdiction over nonresident director of forum corporation under long-arm statutes. 100 ALR3d 1108.

Construction and application of state statutes or rules of court predicating in personam jurisdiction over nonresidents or foreign corporations on making or performing a contract within the state. 23 ALR3d 551.

See also the annotations in the ALR3d/4th Quick Index under Forum Non Conveniens.

state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

2. Michigan is the proper forum for the maintenance of the plaintiff's action. Defendant Bill Cody's Ranch "purposefully availed" itself of the privilege of transacting business in Michigan, thus invoking the benefits and protections of Michigan's laws, when it solicited business in Michigan by directly advertising its resort in a magazine reasonably calculated to reach consumers in Michigan, sent direct mail advertisements into Michigan and accepted telephone reservations from Michigan. Plaintiff's cause of action relates to the advertisement, since plaintiff, who relied upon the ad, vacationed at Bill Cody's Ranch where the injury resulted.

3. The decision to decline jurisdiction based on the doctrine of *forum non conveniens* is within the discretion of the trial court. A plaintiff's selection of a forum is ordinarily accorded deference. The trial court stated that there was no reason to disturb the plaintiff's choice of forum. The trial court did not abuse its discretion when it denied defendant Best Western's motion to decline jurisdiction.

Affirmed.

MacKenzie, J., dissented in part. She would hold that defendant Bill Cody's Ranch did not invoke the benefits and protections of Michigan law by having the endorsement of the American Automobile Association and negotiating with plaintiff's father Gary Witbeck through the mails and by telephone. The link between defendant Bill Cody's Ranch and the State of Michigan is too tenuous to support jurisdiction in Michigan. She would reverse the denial of defendant Bill Cody's motion for accelerated judgment.

OPINION OF THE COURT

1. COURTS — JURISDICTION — NONRESIDENT PARTIES — CORPORATIONS.

Michigan's long-arm statute authorizes Michigan courts to exercise limited personal jurisdiction over a nonresident corporation and to enter judgments over a nonresident corporation as a result of any acts listed in the statute (MCL 600.715; MSA 27A.715).

2. COURTS — JURISDICTION — NONRESIDENT PARTIES — MINIMUM CONTACTS.

A state may not exercise in personam jurisdiction over a nonresident defendant unless the defendant has certain "minimum contacts" with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

3. COURTS — JURISDICTION — *FORUM NON CONVENIENS.*
> The decision to decline jurisdiction based on the doctrine of *forum non conveniens* is within the discretion of the trial court; a plaintiff's selection of a forum is ordinarily accorded deference.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY MACKENZIE, J.

4. COURTS — JURISDICTION — NONRESIDENT PARTIES — MINIMUM CONTACTS.
> The mere foreseeability that the conduct of the defendant would have some business effects in the forum state is not sufficient to support jurisdiction over a nonresident defendant; rather, a defendant's connection with the state must be such that it should reasonably anticipate being haled into court there in the event of a dispute.

*Nora & Essad* (by *John J. Nora*), for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for defendants.

Before: MACKENZIE, P.J., and CYNAR and H. E. DEMING,* JJ.

CYNAR, J. Defendants Bill Cody's Ranch Inn and Best Western International, Inc., appeal by leave granted from Wayne County Circuit Court Judge Marvin R. Stempien's denial of a motion for accelerated judgment and a motion to decline jurisdiction brought by Bill Cody's Ranch and Best Western, respectively.

This cause of action arises from a personal injury accident that occurred on or near the premises of Bill Cody's Ranch, located in the State of Wyoming. Plaintiff, a resident of Michigan, filed suit in Wayne County Circuit Court against Bill Cody's Ranch, Best Western, the American Automobile Association, and the Automobile Club of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Michigan seeking damages for the injuries sustained as a result of the accident.

Defendant Bill Cody's Ranch filed a motion for accelerated judgment averring that it was a Wyoming corporation, doing business exclusively in the State of Wyoming, with no business office or agents located in Michigan, and that the Wayne County Circuit Court therefore lacked personal jurisdiction over it. Defendant Best Western filed a motion to decline jurisdiction based on the doctrine of *forum non conveniens.* The circuit court found that Michigan had in personam jurisdiction over Bill Cody's Ranch and that Michigan was a convenient forum in which to bring this action. The circuit court consequently denied the motion for accelerated judgment and the motion to decline jurisdiction by order dated June 12, 1984.

The underlying facts of this case are as follows. On or about August 28, 1983, plaintiff, Michelle Witbeck, a minor and novice rider, was allegedly placed on a horse selected for her by William Cody, an agent and officer of Bill Cody's Ranch. Plaintiff was allegedly thrown from the horse, and was placed back on the horse by Ken White, also an agent of Bill Cody's Ranch, despite her objections. She was then thrown from the horse a second time. Plaintiff was allegedly injured as a result of being thrown from the horse.

Plaintiff subsequently filed suit in Wayne County Circuit Court against Bill Cody's Ranch, Best Western, the American Automobile Association, and the Automobile Club of Michigan. The basis of plaintiff's complaint and allegations against Bill Cody's Ranch was that the agents of the ranch had been negligent in selecting a horse for a novice rider and in insisting that plaintiff remount the same horse from which plaintiff had been thrown.

The basis of the complaint against Best Western was that Best Western was negligent in recommending Bill Cody's Ranch to plaintiff and her family.

Two issues are presented for our review: I, Does Michigan have limited personal jurisdiction over Bill Cody's Ranch? and II, Did the trial court err in finding that Michigan was not an inconvenient forum?

Issue I: Does Michigan have long-arm jurisdiction over Bill Cody's Ranch?

MCL 600.715; MSA 27A.715 authorizes Michigan courts to exercise limited personal jurisdiction over a nonresident corporation and enter judgments against the corporation as a result of an act which creates or consists of the following relationships:

"(1) The transaction of any business within the state.

"(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

"(3) The ownership, use, or possession of any real or tangible personal property situated within the state.

"(4) Contracting to insure any person, property, or risk located within this state at the time of contracting.

"(5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant."

The above-quoted statute was intended to give Michigan courts the full extent of power possible to gain personal jurisdiction over nonresident defendants as is consistent with the principles of due process. *Kriko v Allstate Ins Co,* 137 Mich App 528; 357 NW2d 882 (1984); *Kircos v Lola Cars, Ltd,* 97 Mich App 379; 296 NW2d 32 (1980). The United States Supreme Court first set forth the modern

constitutional test for the assertion of personal jurisdiction over a nonresident defendant by a state court in *International Shoe Co v Washington,* 326 US 310, 316; 66 S Ct 154; 90 L Ed 95 (1945). That case established the due process "minimum contacts" test. Under this test a state may not exercise in personam jurisdiction over a nonresident defendant unless the defendant has certain "minimum contacts" with the forum state such that the maintenance of the suit "does not offend 'traditional notions of fair play and substantial justice' ". This test was reaffirmed by the Supreme Court in *World-Wide Volkswagen Corp v Woodson,* 444 US 286; 100 S Ct 559; 62 L Ed 2d 490 (1980).

In deciding if Michigan is the proper forum for the maintenance of plaintiff's action, an essential consideration is whether defendant Bill Cody's Ranch "purposefully availed" itself of the privilege of conducting activities within Michigan, thus invoking the benefits and protections of Michigan's laws. *Khalaf v Bankers & Shippers Ins Co,* 404 Mich 134, 148; 273 NW2d 811 (1978). The following facts are presented for our consideration.

Defendant Bill Cody's Ranch is in the business of providing services to resort vacationers in Wyoming. The ranch is incorporated and located in Wyoming and has no business offices or registered agents located in Michigan for the purpose of accepting service. However, in an effort to promote its ranch resort, defendant directly advertised in Michigan's American Automobile Association (AAA) Tour Guide and paid for the display ad. AAA allegedly recommended Bill Cody's Ranch to its Michigan club members. Also, agents of the ranch allegedly sent direct mail advertisements into Michigan and accepted telephone reservations from Michigan.

We find that Bill Cody's Ranch purposefully

availed itself of the privilege of transacting business in Michigan, thus invoking the benefits and protections of Michigan's laws when it solicited business in Michigan by directly advertising its resort in a magazine reasonably calculated to reach consumers in Michigan, sent direct mail advertisements into Michigan and accepted telephone reservations from Michigan. We also find that plaintiff's cause of action relates to the advertisement since plaintiff, who relied upon the ad, vacationed at Bill Cody's Ranch where the injury resulted. Based on the above factors, we conclude that the requirements for long-arm jurisdiction under MCL 600.715(1); MSA 27A.715(1) are satisfied.

Defendant Bill Cody's Ranch cites and relies on the United States Supreme Court's holding in *Woodson, supra,* and argues that Michigan lacks sufficient minimum contacts with the ranch to exercise personal jurisdiction over defendant. We disagree. Here, unlike in *Woodson,* Bill Cody's Ranch did solicit business for its resort through advertising reasonably calculated to reach Michigan. By advertising in the Michigan AAA Tour Guide, Bill Cody's Ranch did seek to serve the Michigan market. These factors distinguish this case from the *Woodson* case. See *Woodson, supra,* p 500.

Issue II: Did the trial court err in finding that Michigan was not an inconvenient forum?

The decision to decline jurisdiction based upon the doctrine of *forum non conveniens* is within the discretion of the trial court. *Cray v General Motors Corp,* 389 Mich 382, 396; 207 NW2d 393 (1975). In *Cray,* the Supreme Court listed the following factors to be considered and weighed in deciding a motion for dismissal based on *forum non conveniens:*

"1. The private interest of the litigant.

"a. Availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses;

"b. Ease of access to sources of proof;

"c. Distance from the situs of the accident or incident which gave rise to the litigation;

"d. Enforcibility [*sic*] of any judgment obtained;

"e. Possible harassment of either party;

"f. Other practical problems which contribute to the ease, expense and expedition of the trial;

"g. Possibility of viewing the premises.

"2. Matters of public interest.

"a. Administrative difficulties which may arise in an area which may not be present in the area of origin;

"b. Consideration of the state law which must govern the case;

"c. People who are concerned by the proceeding.

"3. Reasonable promptness in raising the plea of *forum non conveniens.*"

Application of the foregoing factors is left to the trial court's discretion.

In *Anderson v Great Lakes Dredge & Dock Co,* 411 Mich 619, 628-629; 309 NW2d 539 (1981), the Supreme Court stated that a plaintiff's selection of a forum is ordinarily accorded deference. Quoting *Gulf Oil Corp v Gilbert,* 330 US 501, 508; 67 S Ct 839; 91 L Ed 1055 (1947), the Court stated that " 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed' ". The court must consider the plaintiff's choice of forum, and weigh the relative advantages and disadvantages of jurisdiction, and the ease of and obstacles to a fair trial in this state, in determining whether the balance strongly favors the defendant.

In the present case, the trial court considered the fact that plaintiff and several other witnesses

were school-age children and concluded that since defendants were commercial enterprises it would be more convenient for defendants to travel to Michigan than for plaintiff and the other minor witnesses to travel to Wyoming, especially if it would be disruptive of their school life. The trial court stated that it considered the *Cray* factors and that there was no reason to disturb the plaintiff's choice of forum. We find no abuse of discretion.

Affirmed.

H. E. DEMING, J., concurred.

MACKENZIE, P.J. *(concurring in part and dissenting in part).* I disagree with the majority's disposition of Issue I. I fail to see in what material respect Bill Cody's Ranch invoked the benefits and protections of Michigan law merely by having American Automobile Association (AAA) endorsement and negotiating with plaintiff's father through the mails and by telephone.

MCL 600.175(1); MSA 27A.715(1) subjects any person who engages in "[t]he transaction of any business within the state" to the jurisdiction of our courts. By enacting this statute, the Legislature intended to extend the jurisdiction of our courts to the fullest extent permitted by the due process clause of the Fourteenth Amendment. *Kriko v Allstate Ins Co,* 137 Mich App 528; 357 NW2d 882 (1984).

Due process requires that in order to subject a nonresident defendant to a judgment in personam, the defendant must have certain minimum contacts with the forum state, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *World-Wide Volkswagen Corp v Woodson,* 444 US 286;

100 S Ct 559; 62 L Ed 2d 490 (1980); *International
Shoe Co v Washington,* 326 US 310, 316; 66 S Ct
154; 90 L Ed 2d 95 (1945). The unilateral activity
of those who claim some relationship with a non-
resident defendant cannot satisfy the requirement
of contact with a forum state. "[I]t is essential in
each case that there be some act by which the
defendant purposefully avails itself of the privilege
of conducting business activities within the forum
State, thus invoking the benefits and protections of
its laws". *Hanson v Denckla,* 357 US 235, 253; 78 S
Ct 1228; 2 L Ed 2d 1283 (1958). Jurisdiction may
be invoked where a defendant engages in continu-
ous and substantial activities within the forum
state or where the suit arises out of an act or
transaction having a substantial connection with
the forum. See *Helicopteros Nacionales de Colom-
bia v Hall,* — US —; 104 S Ct 1868; 80 L Ed 2d
404 (1984). However, the mere foreseeability that
the conduct of a defendant would have some busi-
ness effects in the forum state is not sufficient to
support jurisdiction. Rather, a defendant's connec-
tion with the state must be such that it "should
reasonably anticipate being haled into court"
there in the event of a dispute. *World-Wide Volks-
wagen Corp v Woodson, supra.*

In the instant case, Bill Cody's Ranch is a Wyo-
ming corporation which has no other place of
business, has never registered with the Secretary
of State to do business in Michigan, and has no
employees in Michigan. The record before us dis-
closes that Bill Cody's Ranch advertised in a AAA
Tour Book and paid to AAA, in its nationwide
capacity, an "Official Appointment Service" fee.
There is no evidence that Bill Cody's Ranch ever
particularly sought as customers Michigan resi-
dents rather than residents of any other state.
Responding to an advertisement in a Tour Book

which they received from an Automobile Club of Michigan employee, plaintiff's parents telephoned Bill Cody's Ranch in Wyoming to make further inquiries and arrangements. Bill Cody's Ranch followed up the conversation by mailing a brochure to plaintiff's parents. There is no other evidence of any communications between plaintiff and Bill Cody's Ranch until plaintiff and her family arrived at defendant's Wyoming establishment. Following their vacation, the family received a direct mail advertisement from Bill Cody's Ranch.

Tour Books are produced by AAA, and not the Automobile Club of Michigan, for distribution to AAA members across the country. According to the explanatory material in the Tour Book, AAA field representatives search nationwide for accommodations which meet the association's requirements for recommendation to its membership. Accommodations which are found to be satisfactory are then listed in the Tour Book with a rating. Once selected by AAA for listing, an establishment becomes eligible for the association's "Official Appointment Service", which, for "a modest annual fee", entitles it to display the AAA emblem on the premises and to use it in advertising. Additionally, any establishment selected by AAA for listing in a Tour Book may elect to purchase advertising space in the book. It is thus clear that inclusion in a Tour Book is at the will of AAA and not the featured establishment.

The majority predicates its holding on the following transactions: (1) Bill Cody's Ranch's advertisement in a publication distributed nationwide, (2) Bill Cody's Ranch's participation in AAA's nationwide "Official Appointment Service", (3) Bill Cody's Ranch's interstate telephone negotiations with plaintiff's parents, followed up with the mailing of a brochure, and (4) Bill Cody's Ranch's

posting to plaintiff's family of a direct mail advertisement over three months after plaintiff's injuries were sustained. In my view, the last transaction is irrelevant to this case. Moreover, advertising in national publications distributed within the forum state does not constitute a transaction of business within that state. See, *e.g., Bolger v Dial-A-Style Leasing Corp,* 159 Colo 44; 409 P2d 517 (1966). If the rule were to the contrary, advertisers in any nationally distributed publication would be subject to the jurisdiction of each of the states in which the publication is distributed. *Insull v New York, World-Telegram Corp,* 273 F2d 166 (CA 7, 1959). Such a contact is simply too tenuous upon which to found a claim of jurisdiction. See *Erlanger Mills, Inc v Cohoes Fibre Mills, Inc,* 239 F2d 502 (CA 4, 1956). By analogy, the same is true of AAA's nationwide "Official Appointment Service" program.

Nor does the interstate posting of a brochure in response to plaintiff's family's phone call constitute an act by which defendant purposefully availed itself of the privilege of conducting business activities within Michigan, thus invoking the benefits of our laws. See, *e.g., Agrashall, Inc v Bernard Sirotta Co,* 344 F2d 583 (CA 2, 1965); *Old Westbury Golf & Country Club, Inc v Mitchell,* 44 Misc 2d 687; 254 NYS2d 679 (1964); *Grobark v Addo Machine Co,* 16 Ill 2d 426; 158 NE2d 73 (1959). Thus, I conclude that the transactions upon which the majority relies do not amount to a substantial connection with this state.

Additionally, in my opinion it is important to consider that plaintiff is contending Bill Cody's Ranch employees, represented to be experts in working with novice riders, were negligent in their exercise of such expertise. A basic question for the trier of fact in this case will be whether the

employees fell below the standard of care expected of Rocky Mountain horseback riding instructors. The subject is dude ranches and the community is Wyoming. A Wayne County jury lacks the knowledge and the experience to fairly consider the question. In this situation, I do not believe either plaintiff or Bill Cody's Ranch will be afforded a fair trial in Wayne County.

In my view, the thread purporting to link Bill Cody's Ranch to Michigan is too tenuous to support jurisdiction in this state. Jurisdiction over Bill Cody's Ranch properly belongs to the courts of Wyoming. Accordingly, I would reverse the denial of Bill Cody's motion for accelerated judgment.