David L. **SIDDOCK** and Charlotte Siddock, Plaintiffs,

v.

**UPTON, BRADEEN & JAMES, LTD.,** a foreign corporation, Defendant.

Civ. A. No. 85–72862.

United States District Court, E.D. Michigan, S.D.

Dec. 18, 1986.

John R. Weber, Weber, Swanson & Wieter, Marquette, Mich., for plaintiffs.

Stan C. Kazul, Louann Van Der Wiele, Kazul, Houston & Ferriby, P.C., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

David Siddock (plaintiff), a Michigan resident, sues for injuries sustained in a lathe accident. Defendant, a Canadian corporation and seller of the lathe, moves for dismissal based on lack of personal jurisdiction. I have subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

■ Plaintiff relies on Michigan's long-arm statute, Mich.Comp.Laws Annot. § 600.715 (West 1981), which provides for limited personal jurisdiction:

The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporations and to enable such courts to render personal judgments against such corporations arising out of the act or acts which create any of the following relationships:

(1) The transaction of any business within the state.

(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action, for tort.

This provision allows for the broadest grant of jurisdiction consistent with due process. *Sifers v. Horen*, 385 Mich. 195, 196, 188 N.W.2d 623 (1971); *Kriko v. Allstate Insurance Company*, 137 Mich.App. 528, 531, 357 N.W.2d 882 (1984).

■ The constitutional cornerstone for personal jurisdiction remains whether the defendant established "minimum contacts" in the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Minimum contacts are satisfied if the defendant has "purposefully directed" his activities at residents of the forum and that the litigation results from alleged injuries that "arise out of or relate to" those activities. *Burger King v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985). Defendant's contacts must be such that it "should reasonably anticipate being haled into court there." *Id.* 105 S.Ct. at 2183.

Defendant imported the lathe at issue from Germany in 1966 and sold it to Centri-Spray Corporation of Canada. Subsequently, this company transferred the lathe to plaintiff's employer, Centri-Spray Corporation in Livonia, Michigan. Had defendant's contacts with Michigan been limited solely to the sale of the lathe in Canada to a Canadian company which eventually transferred it to Michigan, I would lack jurisdiction. *World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Defendant would not have purposefully availed itself of doing business in Michigan nor would it have reasonably anticipated being haled into court in Michigan.

■ However, defendant has other contacts with Michigan. Defendant admits that upon order from Centri-Spray Corporation in Michigan it shipped parts for the lathe. Defendant or its successor, Upton, Bradeen, James, Inc., shipped parts at least in March, 1982, before plaintiff's accident, and in February, 1985, after the accident. I find these contacts sufficient to establish jurisdiction. Upon shipping the parts into Michigan, defendant purposefully availed itself of doing business in Michigan. It should have reasonably anticipated being haled into court here. In addition, defendant serviced the lathe and plaintiff was injured by it. Broadly construed, plaintiff's injuries "arise from or relate to" defendant's contacts, even if the specific parts shipped by defendant are not directly implicated in the accident. The "related to" provision has broad scope. *Educational Testing Service v. Katzman*, 631 F.Supp. 550, 560 (D.N.J.1985); *Rutherford v. Sherburne*, 616 F.Supp. 1456, 1460 (D.N.J.1985).

■ Defendant argues that the Michigan statute providing for limited personal jurisdiction only allows jurisdiction if the injury "arises out of" the parts shipped to constitute the defendant's contacts. This argument is not persuasive. Michigan courts have held that this statute extends to the limits of due process. *Sifers, supra.* Due process permits jurisdiction when injuries "arise from *or relate to*" defendant's contacts. *Burger King, supra.* Michigan courts have not limited themselves to the "arising out of" language of the statute. For example, the court in *Witbeck v. Bill Cody's Ranch*, 147 Mich.App. 587, 383 N.W.2d 253 (1985) held:

> We find that [defendant] purposefully availed itself of the privilege of transacting business in Michigan ... [and] that plaintiff's cause of action *relates to* [defendant's contacts].... Based on the above factors, we conclude that the requirements for long-arm jurisdiction under M.C.L.A. 600.715(1); M.S.A. 27A.715(1) are satisfied.

*Id.* at pp. 592–593, 383 N.W.2d 253 (emphasis added). I will not interpret Michigan's limited personal jurisdiction statute more narrowly than its courts have.

Accordingly, defendant's motion to dismiss for lack of personal jurisdiction is DENIED.

IT IS SO ORDERED.